**BARKER et al. v. GRAHAM et al.**

No. 3678.

Court of Civil Appeals of Texas. Beaumont.

Feb. 20, 1941.

Rehearing Denied March 19, 1941.

H. A. Watts and Jack T. Life, both of Athens, for appellants.

Bishop & Parsons, of Athens, for appellees.

COMBS, Justice.

This suit was filed by appellees as an action in trespass to try title in the district court of Henderson County to recover title and possession of 115 acres of land. Appellants, who were defendants in the suit, filed a plea to the jurisdiction seeking to abate the suit on the ground that administration was pending on the estate of Marion Barker, deceased, under whom both plaintiffs and defendants claimed title. The plea was overruled and a trial on the merits resulted in an instructed verdict in favor of the plaintiffs, appellees here. We have concluded that the only question necessary for us to decide in disposing of this appeal is the correctness of the judgment of the trial court overruling appellants' plea to the jurisdiction.

Briefly stated, the facts necessary to the decision of that question are as follows: Marion Barker died intestate July 17, 1937, leaving as a part of his estate the land here involved. On July 31, 1937, C. H. Coleman was appointed temporary administrator of the estate by the County Court of Henderson County, the order providing in the

usual form that unless such appointment should be contested at the next regular term after service of citation "same shall be made permanent provided the court is of the opinion that a permanent administrator is necessary," said proceeding being numbered 2023 on the docket of the county court. Coleman duly qualified as temporary administrator and citation was issued and served. So far as shown by the record, no further action was had in the probate court in that proceeding. On December 28, 1938, Julia Burrell filed application in the county court of Henderson County to be appointed permanent administratrix of the estate of Marion Barker, deceased. Citation was duly issued and served and by order entered on the 9th day of January, 1939, permanent administration was granted and Julia Burrell was appointed permanent administratrix. Thereafter she qualified by filing bond, etc. That proceeding was numbered 2077. Some further proceedings were had in that cause, including the filing of an inventory, and appraisement and list of claims. There has been no order terminating that administration. In connection with the trial of appellants' plea to the jurisdiction in this case, the parties stipulated:

"It is agreed that the record title from the sovereignty of the soil is in Marion Barker, and plaintiffs and defendants claim the property as heirs of Marion Barker."

The record further shows that the only contest between the plaintiffs and the defendants is with reference to heirship. Appellees in their brief so concede. In their fourth counter proposition they say: "The sole issue in this case (is) whether appellees as the grandchildren of Marion Barker, deceased, acquired title to the land * * * as his sole heirs, or whether appellants, as the brothers, sister, nieces and nephews acquired the title as his sole heirs."

The latter contend that Marion Barker and the grandmother of appellees were never married and hence the grandchildren cannot inherit from the grandfather.

■ As we view the law, the only judgment this court can enter on this record is to reverse the judgment of the trial court and dismiss the suit. It is perfectly clear from the facts recited above that administration is pending on the estate of Marion Barker and that the only real issue to be determined is one of heirship. Such being the case, the trial court had no jurisdiction.

Zamora v. Gonzalez, Tex.Civ.App., 128 S. W.2d 166, writ refused; O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060, and authorities cited; Baxter v. Crow, Tex.Civ. App., 133 S.W.2d 187.

■■ In the O'Neil case, supra [29 S. W.2d 1061], Judge Sharp writing for the Commission of Appeals, opinion adopted by the Supreme Court, said: "It is a well-settled rule in this state that when an administration on the estate of a deceased person is pending in the county court or it is made to appear that a necessity for it exists, the district court only has appellate jurisdiction and has no original jurisdiction to decree a partition or distribution or settlement of the estate among the heirs of decedent until the administration in the county court has been finally concluded."

And in the very recent case of Zamora v. Gonzalez, supra [128 S.W.2d 168], a case in all essential respects the same as the one before us, Chief Justice Smith, of the San Antonio Court of Civil Appeals, said: "The rule is now well established in this State that heirs cannot, within the administration period, institute and maintain a suit to recover property belonging to an estate and descending to them, without alleging and proving that there is no administration upon the estate, and no necessity therefor. A petition in such case is subject to general demurrer if it does not contain such allegations; and, especially is it subject to such demurrer where it affirmatively shows a pending administration upon necessity, as in this case."

As pointed out by Judge Smith in that case, there are some exceptions to the general rule, but in the case before us, as in that case, the facts do not bring it within any exception.

■ As against this proposition appellees contend that the record shows that no necessity existed for further administration at the time Julia Burrell was appointed permanent administratrix, and hence the proceeding was void. The contention is not tenable. The question of whether a necessity for administration existed was for the probate court to decide, and its judgment determining that there was cannot be collaterally attacked in this proceeding.

We reverse and dismiss this case with some reluctance for the reason that on the record the judgment entered on the merits is the one which in all probability will have

to be entered on final trial. However, the rule invoked against the jurisdiction of the trial court in this case is a wholesome and necessary one. It is obviously intended to protect the jurisdiction of the probate court in the exercise of the functions which the Constitution and laws of the state commit to it.

Judgment reversed and case dismissed.