Ann GENTRY et al., Appellants,

v.

Margaret Ann Johns MARBURGER,
Appellee.

No. 17584.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1980.
Rehearing Denied Feb. 28, 1980.

C. C. Divine, Houston, for appellants.
Timothy E. Telge, Bellaire, for appellee.

Before COLEMAN, C. J., and DOYLE and
WALLACE, JJ.

DOYLE, Justice.

This appeal is from an order granting a
temporary injunction to Margaret Ann
Johns Marburger (appellee) enjoining Ann

Gentry, et al (appellants) from interfering with appellee's possession of certain real property described as 7324 Farnsworth, Houston, Texas, which she occupies as her residence. Basic to a determination of the correctness of the temporary injunction order is the question of jurisdiction between the probate court, the district court and the justice court. A judgment from a forcible detainer suit ordered appellee's eviction, which was stayed by the district court's temporary injunction.

We affirm.

The essential facts are undisputed. The property in dispute includes a house and furniture which was the community property of Katie Marburger and Leslie Henry Marburger. Katie Marburger predeceased her husband in 1967 leaving a will that was subsequently admitted to probate in the county court. In her will, Katie Marburger left her community property to her three children by a former marriage, subject to a life estate in the property in her husband, Leslie Marburger.

After Katie Marburger's death, Leslie Marburger married appellee, divorced her, and then remarried her in September, 1973. During both marriages appellee resided on the property at 7324 Farnsworth. During the second divorce appellants urged appellee to vacate the property which she refused to do. In the divorce proceeding appellee introduced two deeds which she alleged were executed by Leslie Marburger conveying his interest in the community property to her. In granting the divorce, the court adjudicated one of the deeds to be valid and held that the appellee could continue to reside on the property. Later, however, realizing a lack of jurisdiction to adjudicate title to the property, the court dissolved the order, granted a motion for a new trial and all parties agreed to allow appellee 30 days to find another residence. Upon expiration of the allotted time, appellee still refused to move and in June, 1979, appellants filed a suit for forcible detainer in the justice court. In July, 1979, the justice court ordered appellee's eviction from the property, after which appellants filed a trespass to try title suit in August, 1979, claiming appellee's deed from Leslie Marburger was a forgery. After these suits were filed, Leslie Henry Marburger died September 12, 1979, thus terminating the life estate in Katie Marburger's property.

Ann Gentry is the independent executor and a beneficiary under Leslie Marburger's will. She was, however, appointed the authorized agent by Katie Marburger's independent executor and brings this appeal on behalf of Katie's estate. Trial was to the court with no findings of fact or conclusions of law being requested or filed. The court did state several findings upon which it based the injunctive relief. Appellee did not file a brief or any response to this appeal.

Appellant brings four points of error, the first of which asserts that the district court is without jurisdiction to hear and grant an application for injunctive relief while the case is pending in the county court probate division of Harris County.

■ It is undisputed that Katie Marburger's estate is still under administration in the probate court. Her estate, however, consists only of a one-half interest in the property. Pursuant to the Texas Probate Code § 37, ". . . the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator." The probate court has jurisdiction of only Katie Marburger's estate and its orders can only affect her property, since the forcible detainer and trespass to try title suits were filed prior to Leslie Marburger's death.

■ Appellants argue that pursuant to the Probate Code § 48, the county court has power to decide title to real property and may determine and declare heirs of the deceased in any administration of an estate owning real property. While this section of the probate code expands county court jurisdiction to adjudicate all matters pertinent to the administration of an estate, it cannot be so construed as to allow the court to adjudicate title to property not belonging to the estate pending before it. As an owner

of only one-half of the property and pursuant to the Probate Code § 235, Katie Marburger's estate is entitled to possession of only one-half of this property. This section of the Code provides as follows:

If the estate holds or owns any property in common, or as part owner with another, the representative of the estate shall be entitled to possession thereof in common with the other part owner or owners in the same manner as other owners in common or joint owners would be entitled.

As a general rule when an administration of an estate is pending in a county court, a district court is without jurisdiction to entertain a suit for trespass to try title. Appellant cites the following cases in support of this point. *Barker v. Graham*, 149 S.W.2d 316 (Tex.Civ.App.-Beaumont 1941, no writ); *Elliott v. Elliott*, 208 S.W.2d 709 (Tex.Civ.App.-Fort Worth 1948, writ ref'd); *Wells v. Gray*, 241 S.W.2d 183 (Tex.Civ. App.-San Antonio 1951, writ ref'd). This would be true however, only in cases where all of the property involved belonged to the pending estate. Each of the cited cases is distinguishable. In the *Barker* case, estate property was being administered by the county court, which had acquired jurisdiction prior to the district court. In the *Elliott* case, supra, the court, while recognizing the rights of exclusive jurisdiction in the county court in pending administrations, allowed the district court to retain jurisdiction upon a finding that no administration was pending, despite some evidence that there was a will in existence. The *Wells* case, supra, was concerned with which court had jurisdiction to hear an adoption proceeding necessary to heirship determination. It held that where the administration of an estate was first pending in the county court, that court, and not the district court, had proper jurisdiction to hear the adoption. None of appellant's cases are in point. We overrule appellant's first point of error.

Points of error 2, 3 and 4 will be discussed together. By these points it is contended that the district court was without authori-

ty to enjoin and restrain the justice court from enforcing its writ of possession in a forcible entry and detainer case. Appellants also assert as error the trial court's reliance on a certain deed as evidence of appellee's right of possession or title to the subject property.

■ From the pleadings filed in the justice court it is apparent that appellants rely on the will of Katie Burgay Marburger to give them the right of possession to the land in question. Appellants also recognize in such pleadings that "Delay in the closing of the estate by inventory and accounting is caused by the adverse possession of defendant. . . ." These pleadings raise two indicia of title to the property as being in appellee, viz: the right to occupy the premises through the life tenancy of her husband and by adverse possession. The petition in the justice court was for forcible detainer only, there being no claim that appellant was a tenant or that her entry upon the premises was unlawful. No basis existed for the action of forcible detainer. The justice court had no jurisdiction of the suit because the title to the premises was directly involved. Therefore, the justice court judgment was void. *American Spiritualist Ass'n. v. Ravkind*, 313 S.W.2d 121 (Tex.Civ. App.-Dallas 1958, writ ref'd n. r. e.); *Criswell v. Southwestern Fidelity Life Insurance Company*, 373 S.W.2d 893 (Tex.Civ. App.-Houston 1963, no writ); *Dent v. Pines*, 394 S.W.2d 266 (Tex.Civ.App.-Houston 1965, no writ); *Rodriguez v. Sullivan*, 484 S.W.2d 592 (Tex.Civ.App.-El Paso 1972, no writ).

Under the facts before us, there remains another compelling reason why the justice court had no jurisdiction in this cause and its judgment was void. Appellee was married to Leslie Marburger at the time the justice court suit was filed and tried. He was the community survivor of his marriage with Katie Marburger and the disputed premises constituted their homestead. After her death he married appellee and they lived in the homestead. Thus appellee's homestead right to possession became vested. In 28 Tex.Jur.2d Homesteads § 193, (1961) p. 618 and the cases cited

therein, appellee's right to possession is set forth:

> The share that passes to the heirs or devisees, however, is subject to the surviving spouse's homestead rights. If the surviving spouse remarries, the homestead of the second marriage may exist in the same property and the heirs of the deceased spouse of the first marriage are not entitled to demand their interest in the premises at the time of the second marriage. If the spouse who survived the first marriage dies leaving a surviving spouse, the surviving spouse of the second marriage is entitled to a homestead in the portion of his or her deceased spouse's portion of the community property of the first marriage. In this circumstance, the surviving spouse of the second marriage will be entitled to a homestead in a one-half undivided interest in the whole and will be a tenant in common with the heirs or devisees of the spouse of the first marriage who was first deceased.

The question of the court's consideration of the deed mentioned in point of error number 2 is not reached in view of our holding.

Appellants' points of error 2, 3 and 4 are overruled.

We hold that the justice court was without jurisdiction to determine this cause and consequently its judgment therein was void. The district court correctly restrained the enforcement of justice court's writ of restitution and properly granted the temporary injunction as prayed for by appellant.

The judgment of the trial court is affirmed.