COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-242-CV
  
  
HATTIE 
LUCILLE GIBSON                                                       APPELLANT
  
V.
  
DYNEGY 
MIDSTREAM SERVICES, L.P.                                        APPELLEE
  
  
------------
 
FROM 
THE COUNTY COURT OF YOUNG COUNTY
 
------------
 
OPINION
 
------------
        Hattie 
Lucille Gibson appeals the trial court’s dismissal of her eviction suit for 
want of jurisdiction. In two issues, she contends that this court has 
jurisdiction over her appeal despite the limitations of section 24.007 of the 
Texas Property Code and that the trial court improperly concluded that it lacked 
subject matter jurisdiction over her suit. We will affirm.
        In 
May 2003, Hattie sued Dynegy Midstream Services, L.P. in the justice court of 
Young County for forcible entry and detainer and forcible detainer, asserting 
her right to immediate possession of a two-acre tract of land in Young County 
(the Property). In response, Dynegy filed a plea to the jurisdiction, asserting 
that the justice court lacked subject matter jurisdiction over Hattie’s claims 
because they were an attempt to have the court determine ownership or title to 
the Property. The justice court dismissed Hattie’s suit, and she appealed that 
ruling to the county court. After a hearing, the county court also dismissed 
Hattie’s suit for want of jurisdiction. This appeal followed.
        The 
first issue we must decide is whether this court has jurisdiction over 
Hattie’s appeal. Dynegy argues that we have no jurisdiction over the appeal 
because section 24.007 of the Texas Property Code precludes appeals from 
eviction proceedings involving property not being used for residential purposes, 
and neither the Texas Constitution nor another statute grants us jurisdiction 
over such an appeal. Hattie asserts that section 24.007 only limits appeals 
involving the issue of possession and that her appeal does not raise the issue 
of who is entitled to possession of the Property but, instead, whether the 
justice and county courts had subject matter jurisdiction over her claims.
        The 
Texas Constitution and Legislature have vested the courts of appeals with 
jurisdiction over civil appeals from final judgments of district and county 
courts in which the amount in controversy or the judgment exceeds $100.[1]  In eviction proceedings, this grant of appellate 
jurisdiction is limited by section 24.007, which provides, in pertinent part: 
“A final judgment of a county court in an eviction suit may not be appealed on 
the issue of possession unless the premises in question are being used for 
residential purposes only.”[2]  It is 
undisputed that the property in this case is used exclusively for commercial 
purposes.
        Construing 
the language of section 24.007 in accordance with the plain and ordinary meaning 
of the terms used,[3] we hold that it is not intended 
to preclude appellate review of all issues arising from an eviction proceeding 
involving commercial property, but only to limit review over appeals raising the 
issue of possession.[4]  Because possession is 
not an issue in this appeal,[5] we hold that section 
24.007 does not prevent Hattie from appealing the propriety of the justice and 
county courts’ orders dismissing her suit for want of subject matter 
jurisdiction and that we have appellate jurisdiction over such an appeal.[6] Accordingly, we sustain Hattie’s first issue.
        In 
her second issue, Hattie contends that the justice and county courts improperly 
dismissed her suit for want of subject matter jurisdiction because she pleaded a 
claim for forcible entry and detainer, or, alternatively, forcible detainer, on 
which the lower courts could have determined her right to immediate possession 
of the Property without also determining the issue of title.
        Justice 
of the peace courts and, on appeal by trial de novo, county courts, have 
jurisdiction over forcible entry and detainer and forcible detainer suits.[7]  To prevail in a forcible entry and detainer or 
forcible detainer proceeding, the plaintiff must present sufficient evidence of 
ownership to demonstrate a superior right to immediate possession.[8]  The only issue that can be litigated in such suits 
is the right to actual possession; the right to title cannot be adjudicated.[9]  Justice courts may adjudicate possession when issues 
related to the title of real property are tangentially or collaterally related 
to possession.[10]  If, however, the question of 
title is so integrally linked to the issue of possession that the right to 
possession cannot be determined without first determining title, then the 
justice courts and, on appeal, the county courts, lack jurisdiction over the 
matter.[11]
        A 
plea to the jurisdiction challenges the trial court's authority to determine the 
subject matter of the action.[12]  Whether the 
trial court had subject matter jurisdiction is a question of law that we review 
de novo.[13]  The plaintiff has the burden of 
alleging facts that affirmatively establish the trial court's subject matter 
jurisdiction.[14] If a plea to the jurisdiction 
challenges the pleadings, we determine if the pleader has alleged facts that 
affirmatively demonstrate the trial court’s jurisdiction to hear the case.[15]  Further, due to the special jurisdictional 
limitations imposed on justice courts, a plea to the jurisdiction in an eviction 
case may be based on an affirmative defense raised in the defendant’s 
pleadings that the trial court cannot resolve apart from determining title. In 
such a case, we determine whether the defendant is correct in asserting, in 
light of the defensive pleading, that questions of title and possession are so 
integrally linked that the justice court lacks subject matter jurisdiction over 
the case.[16]
        In 
her forcible entry and detainer claim,[17] Hattie 
alleged that she was the owner of the Property, to which she was entitled to 
immediate possession. She alleged that, in 1985, J.H. Taylor Gas Company had 
entered the Property without her knowledge or consent, pursuant to a written 
rental agreement with her son, Charles B. Gibson, who had no possessory interest 
in the Property. Hattie, who was elderly and did not live near the Property, 
allegedly did not know about the rental agreement or authorize Charles to enter 
into it.
        Under 
the rental agreement, the gas company constructed and installed a natural gas 
compression, dehydration, and storage facility on the Property, which Dynegy 
claimed to own as the gas company’s assignee or successor. Hattie alleged that 
she first learned in 2001 that the natural gas facility had been constructed and 
was being maintained on the Property. In June of that year, she sent Dynegy the 
written notice required by statute, demanding that Dynegy vacate the property. 
Dynegy refused to surrender possession of the Property and continued in 
possession of it without Hattie’s permission.
        In 
her forcible detainer claim,[18] Hattie pleaded that, 
because there was no legally enforceable rental agreement between her and 
Dynegy, Dynegy occupied the Property as a tenant at sufferance.[19] In the alternative, she pleaded that Dynegy was 
Charles’s tenant and that Charles had acquired possession of the Property by 
forcible entry without legal authority. She alleged that, for either of these 
reasons, she, as owner of the Property, had a superior right to immediate 
possession of the Property.
        In 
its defensive pleadings, however, Dynegy asserted that it had acquired title to 
the Property by adverse possession.[20]  Dynegy 
alleged that it had entered the Property in 1985, erected a compressor and fence 
shortly thereafter, and openly, notoriously, and continuously occupied, and 
evidenced its intent to occupy, the Property to the exclusion of all persons. 
Dynegy further alleged that, if Hattie was not Dynegy’s landlord, as stated in 
her pleadings, then the principles governing adverse possession claims by 
tenants against landlords did not apply [21]
        Construing 
the pleadings in the light most favorable to Hattie,[22]  
we conclude that the questions of title and possession raised by Dynegy’s 
allegations of adverse possession are so integrally linked that the justice 
court could not have decided Hattie’s claims without deciding Dynegy’s title 
by adverse possession claim.[23]  Accordingly, 
we hold that the justice and county courts properly granted Dynegy’s plea to 
the jurisdiction.[24]  We overrule Hattie’s 
second issue and affirm the trial court’s judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
May 27, 2004


NOTES
1.  
Tex. Const. art. V, § 6(a); Tex. Civ. Prac. & Rem. Code Ann. § 
51.012 (Vernon 1997); Tex. Gov’t Code 
Ann. § 22.220(a) (Vernon 2004); Tex. Dep’t of Pub. Safety v. 
Barlow, 48 S.W.3d 174, 176 (Tex. 2001). The amount in controversy is not an 
issue in this appeal.
2.  
Tex. Prop. Code Ann. § 24.007 
(Vernon 2000); see also Tex. 
Const. art. V, § 6(a) (providing that constitutional grant of 
intermediate appellate jurisdiction is restricted as prescribed by law).
3.  
See Tex. Gov’t Code Ann. 
§ 312.002(a) (Vernon 1998); State ex rel. State Dep’t of Highways & 
Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002) (both providing 
that we determine legislative intent from the plain and common meaning of the 
words used).
4.  
See Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) 
(holding same); see also A.V.A. Servs., Inc. v. Parts Indus. Corp., 949 
S.W.2d 852, 852-53 (Tex. App.—Beaumont 1997, no writ) (concluding that section 
24.007 did not preclude its review of challenge to trial court’s judgment 
ordering complete forfeiture of appeal bond); Acad. Corp. v. Sunwest N.O.P., 
Inc., 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, 
writ denied) (stating, in dicta, that section 24.007 would not have precluded 
appellate review of challenge to sufficiency of evidence to support attorney’s 
fee award).
5.  
The cases on which Dynegy relies to support its position that we lack 
jurisdiction are inapposite because each involved the issue of possession. See 
Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no 
pet.); Fandey v. Lee, 880 S.W.2d 164, 167-68 (Tex. App.—El Paso 1994, 
writ denied) (op. on reh’g); W. Anderson Plaza v. Feyznia, 876 S.W.2d 
528, 536-37 (Tex. App.—Austin 1994, no writ) (op. on reh’g); Acad. Corp., 
853 S.W.2d at 833-34.
6.  
Dynegy’s assertion that appellate courts generally lack authority to review 
whether a trial court has properly concluded that it lacks subject matter 
jurisdiction over a case is waived due to inadequate briefing. See Tex. R. App. P. 38.1(h) (requiring 
appropriate citations to authorities); Fredonia State Bank v. Gen. Am. Life 
Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that 
point may be waived due to inadequate briefing). In the sole case Dynegy cites 
to support this contention, the appellate court reviewed the trial court’s 
subject matter jurisdiction on its own motion. See Dallas County Appraisal 
Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, 
writ denied).
7.  
Tex. Prop. Code Ann. § 24.004 
(Vernon 2000); Rice, 51 S.W.3d at 708; Mitchell v. Armstrong Capital 
Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, 
writ denied).
8.  
Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557 (Tex. 
App.—San Antonio 2001, pet. dism’d w.o.j.) (op. on reh’g).
9.  
Tex. R. Civ. P. 746; Rice, 
51 S.W.3d at 708-09.
10.  
Falcon, 976 S.W.2d at 338.
11.  
Dormady, 61 S.W.3d at 557-58; Falcon, 976 S.W.2d at 338; Mitchell, 
911 S.W.2d at 171.
12.  
Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).
13.  
Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 
(Tex. 2002); Mogayzel v. Tex. Dep't of Transp., 66 S.W.3d 459, 463 (Tex. 
App.—Fort Worth 2001, pet. denied).
14.  
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 
1993).
15.  
Tex. Dep’t of Parks & Wildlife v. Miranda, 47 Tex. Sup. Ct. J. 386, 
390, 2004 WL 726901, at *6 (Tex. Apr. 2, 2004); Tex. Ass’n of Bus., 852 
S.W.2d at 446.
16.  
See Mitchell, 911 S.W.2d at 171 (holding that genuine issue regarding 
title existed, and trial court lacked subject matter jurisdiction, where 
defendant to forcible detainer action pleaded that deed under which plaintiff 
claimed title was void).
17.  
A person commits a forcible entry and detainer if the person enters the real 
property of another without legal authority or by force and refuses to surrender 
possession on demand. Tex. Prop. Code 
Ann. § 24.001(a) (Vernon 2000). A forcible entry includes an entry 
without the consent of the person in actual possession of the property. Id. 
§ 24.001(b)(1).
18.  
A person commits a forcible detainer if (1) among other things, the person is a 
tenant at sufferance or the tenant of a person who acquired possession by 
forcible entry and (2) refuses to surrender possession of the real property on 
demand. Id. § 24.002(a)(2)-(3).
19.  
A tenant at sufferance is one who wrongfully continues in naked possession of 
property after his right to possession has ceased. ICM Mortg. Corp. v. 
Jacob, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied); Goggins 
v. Leo, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 
1993, no writ); see also Bockelmann v. Marynick, 788 S.W.2d 569, 571 
(Tex. 1990) (stating that tenant who remains in possession of premises after 
lease termination occupies “wrongfully” and is tenant at sufferance). Hattie 
alleged that Dynegy never had any right to possess the Property because Charles 
lacked sufficient title to the Property to enter the lease in the first place. 
Therefore, under Hattie’s pleadings Dynegy could not be a tenant at 
sufferance.
20.  
Adverse possession is “an actual and visible appropriation of real property, 
commenced and continued under a claim of right that is inconsistent with and is 
hostile to the claim of another person.” Tex. Civ. Prac. & Rem. Code Ann. § 
16.021(1) (Vernon 2002); see also King Ranch, Inc. v. Chapman, 118 S.W.3d 
742, 756 (Tex. 2003), cert. denied, 124 S. Ct. 2097 (2004). Hattie’s 
complaint that the trial court should not have considered the adverse possession 
issue because it was only raised in Dynegy’s trial court brief, rather than in 
its plea to the jurisdiction, is waived because it was not raised below. See 
Tex. R. App. P. 33.1(a).
21.  
See La. Pac. Corp. v. Holmes, 94 S.W.3d 834, 839 (Tex. App.—San Antonio 
2002, pet. denied) (holding that, once landlord-tenant relationship is 
established, possession by tenant will not be considered adverse to owner until 
(1) tenant repudiates relationship and asserts a claim of right adverse to owner 
and (2) notice of repudiation is given to owner).
22.  
See County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Tex. 
Ass’n of Bus., 852 S.W.2d at 446 (both holding that, when we consider a 
trial court’s order on a plea to the jurisdiction, we construe the pleadings 
in the plaintiff’s favor).
23.  
See Mitchell, 911 S.W.2d at 171 (holding that trial court lacked subject 
matter jurisdiction where defendant to forcible detainer action pleaded that 
deed under which plaintiff claimed title was void); Gentry v. Marburger, 
596 S.W.2d 201, 203 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ 
ref’d n.r.e.) (holding that title was in issue, and trial court lacked subject 
matter jurisdiction, where plaintiffs claimed right of possession under a will 
and by adverse possession).
24.  
The cases on which Hattie relies do not support her contention that Dynegy also 
had to present evidence of adverse possession to raise a genuine issue of title. 
Those cases involved situations in which there was an independent basis for 
determining the right to immediate possession apart from title, see Rice, 
51 S.W.3d at 710-11 (holding that trial court could decide right to immediate 
possession based on deed of trust under which defendants had become tenants at 
sufferance), or the defendant asserted the right to title based on a defensive 
theory that was invalid as a matter of law. See Falcon, 976 S.W.2d at 338 
(holding defendant in eviction proceeding failed to raise genuine title dispute 
by asserting title based on oral conveyance of real property). Conversely, in 
this case, determination of the right of possession issue depended directly upon 
who had title to the Property—Hattie or Dynegy.