# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00729-CV

**Ronald A. Ebert, Appellant**

**v.**

**Strada Capital, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-13-008981, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ronald A. Ebert appeals a trial court judgment in a forcible detainer action awarding Strada Capital, Inc. possession of residential real property in Travis County (the Property). Ebert complains in several issues that the trial court lacked jurisdiction. We will affirm the trial court's judgment.

A forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry.[1] It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title.[2] To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior

---

[1] *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.).

[2] *Id*. at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)).

right to immediate possession.[3] A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease."[4] To establish forcible detainer, Strada Capital had to prove: (1) it was the owner of the property in question, (2) Ebert was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Ebert's right to possession, (4) Strada Capital made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) Ebert refused to vacate.[5]

At trial, Strada Capital offered, and the court admitted into evidence without objection, certified copies of (1) Ebert's deed of trust, which provided that Ebert would become a tenant at sufferance upon his failure to surrender the Property after it had been sold at a nonjudicial foreclosure, (2) a substitute trustee's deed conveying the Property to Strada Capital following foreclosure, and (3) notice to vacate the Property sent by Strada Capital to Ebert, who had continued to occupy the Property. Ebert presented no evidence. The substitute trustee's deed reflected that Strada Capital purchased the Property after Ebert had defaulted under the terms of the deed of trust. The deed of trust was evidence that Ebert became a tenant at sufferance when he refused to surrender possession of the Property after it was sold at a nonjudicial foreclosure sale. Finally, the notice sent by Strada Capital informed Ebert that his tenancy was being terminated and that he was required

---

[3] *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 510.3(e) (in an eviction suit the "court must adjudicate the right to actual possession and not title").

[4] *See* Tex. Prop. Code § 24.002(a)(2).

[5] *See id*. §§ 24.002, .005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

2

to vacate the Property. This evidence was sufficient to establish Strada Capital's right to immediate possession of the Property.[6]

On appeal, Ebert, in substance, raises two issues asserting that the trial court lacked jurisdiction to adjudicate the forcible detainer action.[7] These contentions are without merit, and quickly disposed of. Ebert first argues that he raised a title dispute through a suit he filed in district court, thus depriving the justice court and county court at law of jurisdiction.[8] If determining the right to immediate possession necessarily requires resolution of a title dispute, the justice court and county court at law would have no jurisdiction to enter a judgment.[9] In most disputes, the right to title can be determined separately from the right to immediate possession, and the Texas Legislature has expressly established a system designed to keep the two issues separate.[10]

---

[6] *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Williams*, 315 S.W.3d at 927; *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.).

When, as here, the trial court does not issue findings of fact and conclusions of law, we imply all relevant facts necessary to support the judgment that are supported by the evidence. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

[7] We conclude that any additional issues Ebert purported to raise were inadequately briefed and thus waived. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Although Ebert is acting pro se, we are bound to apply the same procedural and substantive standards to him as with litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

[8] Those proceedings were later removed to federal court. Strada Capital advises in its brief that the federal district court subsequently dismissed Ebert's claims.

[9] *Rice*, 51 S.W.3d at 709; *id.* at 713 (collecting cases).

[10] *Id.* at 710.

Thus, the trial court cannot determine in a forcible detainer action whether the sale of property under a deed of trust is invalid; instead, the displaced property occupant is entitled to bring a separate suit in district court to resolve any title issues.[11] However, if the question of title is so intertwined with the issue of possession that the two issues cannot be decided separately, then possession may not be adjudicated without first determining title.[12]

In *Rice v. Pinney*, the Dallas Court of Appeals held that a deed of trust provision that declared that the homeowners would become tenants at sufferance if they refused to vacate the property following foreclosure "provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property."[13] This Court and others have likewise concluded that complaints about defects in the foreclosure proceedings do not deprive the justice and county court at law of jurisdiction to resolve the issue of possession when similar provisions are found in the applicable deeds of trust.[14]

Here, Ebert's deed of trust provided that Ebert would become a tenant at sufferance upon his failure to surrender possession of the Property to the purchaser, Strada Capital, after the

---

[11] *Id*. (citing *Scott*, 90 S.W.2d at 818-19).

[12] *See Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

[13] 51 S.W.3d at 712.

[14] *See, e.g.*, *Schlichting*, 346 S.W.3d at 198-99; *Villalon v. Bank One*, 176 S.W.3d 66, 70-71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *3-4 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.).

nonjudicial foreclosure sale.[15] Nevertheless, Ebert contends that he claims title through adverse possession and that this challenge and other complaints he makes regarding the foreclosure proceedings create a question of title sufficiently intertwined with the issue of possession to deprive the lower courts of jurisdiction.[16] However, the cases on which Ebert relies did not involve a similar landlord-tenant provision, which, as we have explained, provides courts with an independent basis to determine possession apart from title.[17] Further, if a party fails to present "'specific evidence to raise a genuine title dispute, the jurisdiction of the court [is] never at issue.'"[18] Ebert presented no evidence to support his claim to superior title through adverse possession or defects in the foreclosure proceedings. In fact, Ebert presented no evidence at all, only argument. This did not

---

[15] The provision reads:

If the Property is sold pursuant to [a nonjudicial foreclosure sale under the deed of trust], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

[16] *See, e.g.*, *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 523-24 (Tex. App.—Fort Worth 2004, no pet.); *Gentry v. Marburger*, 596 S.W.2d 201, 203-04 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

[17] *See Gibson*, 138 S.W.3d at 524 n.24 (distinguishing its holding from cases in which a landlord-tenant provision in a deed of trust provided an independent basis for determining the right to immediate possession); *Gentry*, 596 S.W.2d at 203 (holding justice court lacked jurisdiction where "title to the premises was directly involved" and there was "no claim that appellant was a tenant or that her entry upon the premises was unlawful").

[18] *Yarto v. Gilliland*, 287 S.W.3d 83, 92 (Tex. App.—Corpus Christi 2009, no pet.) (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.)); *see also Jaimes*, 2013 WL 7809741, at *4-5.

5

constitute evidence on which the trial court could base its decision.[19]  Instead, the landlord-tenant provision in Ebert's deed of trust provided the trial court with an independent basis on which it could decide possession apart from title.  Thus, we conclude that the justice court and county court at law had jurisdiction to adjudicate the forcible detainer action.  We overrule Ebert's first issue.

In a related issue, Ebert disputes the existence of a landlord-tenant relationship between the parties.  Ebert insists that he could not be a tenant at sufferance because Strada Capital did not provide evidence of a lease or rental agreement between the parties.  However, it is Ebert's deed of trust that created the landlord-tenant relationship with the purchaser at a foreclosure sale—i.e., Strada Capital.  It is the lack of Strada Capital's consent for Ebert to remain in possession that characterizes the relationship as a tenancy at sufferance.[20]  We overrule Ebert's second issue.

---

[19]  *See, e.g.*, *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("[U]nsworn statements by counsel are not evidence.").

[20]  *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013) ("The defining characteristic of a tenancy at sufferance is the lack of the landlord's consent to the tenant's continued possession of the premises.").

Ebert additionally argues that, if he falls under the definition of a "tenant," then Strada Capital failed to provide the notice required by section 24.005(b) of the Property Code.  The evidence at trial established that Strada Capital provided Ebert with the required three days' notice. *See* Tex. Prop. Code § 24.005(b) ("If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit . . . .").  Ebert argues that as a "residential tenant in good standing" he was entitled to 90 days' notice to vacate so long as he continued to pay rent to the new owner. *See id*. ("If a building is purchased at . . . a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least *30 days*' written notice to vacate if the purchaser chooses not to continue the lease.") (emphasis added).  As previously suggested, the

**CONCLUSION**

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   October 1, 2014

---

provision on which Ebert relies is inapplicable here.  Moreover, even assuming that it could apply to Ebert, he provided no evidence that he had "timely [paid] rent and [was] not otherwise in default . . . after foreclosure."

7