

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00485-CV

_____

EGGWORTH, LLC, Appellant

V.

CODY W. MOORE AND ALL OTHER OCCUPANTS

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-009449-1

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

In this appeal from a take-nothing judgment in a de novo forcible-detainer appeal from the justice court to the county court at law, we reverse the county court at law's judgment and dismiss the case.

## II. BACKGROUND

Raymond Powell, Ruby Powell, and Carol Lyne Powell each owned a 1/3 fee-simple title interest in a residential property (the Property) as tenants in common. When Carol Lyne died intestate in September 2019, her father Raymond was named the dependent administrator of her estate. Additionally, the probate court rendered a judgment of heirship naming Carol Lyne's three sons her heirs, with each owning 1/3 of her personal and real property.

Appellee Cody Moore filed a bill of review to set aside the judgment of heirship, claiming that he was Carol Lyne's common law husband at the time of her death. The probate court signed an order finding Moore to be Carol Lyne's common law spouse and issued a revised judgment declaring heirship. The revised judgment orders that Moore owns a "life estate in 1/3 of real property" owned by Carol Lyne.

Several months later, Raymond, as dependent administrator, moved to sell the Property, and the probate court ordered it to be sold. In August 2023, the Property

was conveyed to JAG Real Estate Solutions,[1] who on the same day conveyed the Property to HEB Homes, LLC.[2] The next day, HEB Homes conveyed the Property to Appellant Eggworth, LLC.[3]

Moore refused to vacate the Property, and Eggworth filed a forcible-detainer suit in the justice court. Moore answered and filed a plea to the jurisdiction, raising the existence of a title issue—Moore's life-estate interest in the Property. The justice court ordered that Eggworth recover possession of the Property, and Moore appealed.

On de novo appeal in the county court at law, Moore raised the same jurisdictional issue. Before trial, both parties provided briefing on the jurisdictional issue at the trial court's[4] request. Eggworth requested in its briefing that the trial court

---

[1]The general warranty deed from Raymond to JAG expressly excepted "homestead titles or rights asserted by anyone" from the conveyance. *See, e.g.*, *Ross v. Flower*, No. 03-19-00516-CV, 2021 WL 904864, at *2 (Tex. App.—Austin Mar. 10, 2021, no pet.) (mem. op.) (noting principle that warranty deed conveys "all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions that reduce the estate conveyed").

[2]The general warranty deed from JAG to HEB Homes excepted "any validly existing titles or rights asserted by anyone."

[3]The special warranty deed from HEB Homes to Eggworth did not except from the conveyance rights of parties in possession or parties claiming property interests.

[4]All references to the "trial court" in this memorandum opinion refer to county court at law.

deny Moore's plea to the jurisdiction. But the trial court did not dismiss the case for want of jurisdiction and set it for trial.

At trial, the court asked Moore's counsel,

> May we stipulate that at the time -- well, as set forth in the revised heirship, there was a court determination that [Moore] is the surviving spouse of decedent.
>
> And for all relevant time periods before and after the decedent's death, he occupied the subject property as his homestead as the decedent did.
>
> And that he was not waiving any homestead right subsequent to that, and he currently resides in the property. Does th[at] nail everything down on that?

Moore's counsel stipulated to these facts, but Eggworth's counsel argued, "The Probate Court through the order of the sale forced his consent to the sale of the [P]roperty."

After the trial, the trial court issued a non-final judgment ordering that Eggworth take nothing. The judgment contains this recitation: "After considering the testimony and exhibits, it appears to the Court that [Moore] has a life estate in the . . . Property as the homestead of his marriage." The judgment also expressly states that it is not final because "it does not address [Moore's] Attorney's Fees, which will be heard at another date."

Eggworth filed a motion for new trial, in which it argued for the first time that a determination of title was essential for resolving the rightful possession and

4

ownership of the Property.[5]  While the motion for new trial was pending, Moore filed a motion seeking $7,070 in attorney's fees.  After a hearing, the trial court declined to dismiss the case and instead entered a final take-nothing judgment that denied attorney's fees.

Eggworth timely filed a notice of appeal.  In a single issue on appeal, Eggworth asks this court to reverse the county court at law's judgment and dismiss the forcible-detainer suit.  Moore did not file a brief.

## III.  ANALYSIS

"An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property."  *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).  Thus, a forcible-detainer suit determines only the right to immediate possession, not whether "the eviction is wrongful."  *Id.*

The forcible-detainer suit originated in the justice court.  A justice court does not have jurisdiction to resolve title disputes.  *O'Dwyer, Tr. of Aussie-Tex Freehold Ventures Tr. #0082 v. Peters*, No. 02-24-00193-CV, 2025 WL 353073, at *3 (Tex. App.—Fort Worth Jan. 30, 2025, no pet.) (mem. op.).  Consequently, if the right to immediate possession cannot be determined without resolving a title dispute, the justice court does not have jurisdiction over the eviction suit.  *Id.*; *Pinnacle Premier*

---

[5]In addition to seeking a new trial, Eggworth sought an abatement so that the probate court could decide the title issue.

5

*Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) (holding that justice court's jurisdiction is affected when "the question of title is so intertwined with the issue of possession, th[at] possession may not be adjudicated without first determining title" (quoting *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied))). If the justice court did not have jurisdiction over a forcible-detainer suit, the county court at law in a de novo appeal from the justice court's judgment likewise lacks jurisdiction. *See O'Dwyer*, 2025 WL 353073, at *2 n.2.

In the justice court and county court at law, Moore contended that Eggworth's title and right to possession were subject to his life-estate interest in the Property. Eggworth's defense was that the probate court's order to sell the Property also operated as an order to extinguish Moore's life-estate interest, rather than as an order to sell the property subject to Moore's existing life-estate interest. Resolving this issue would have required both the justice court and county court at law to resolve a title dispute. *See, e.g.*, *Anderson v. Natho*, No. 07-24-00352-CV, 2025 WL 1524509, at *2–3 (Tex. App.—Amarillo May 28, 2025, no pet. h.) (mem. op.); *Tellez v. Rodriguez*, 612 S.W.3d 707, 710 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (mem. op.); *Sellusyourhouse.com, LLC v. Walker*, No. 01-18-00201-CV, 2019 WL 3022678, at *4 (Tex. App.—Houston [1st Dist.] July 11, 2019, no pet.) (mem. op.); *Acosta v. Shimotsu*, No. 13-09-00702-CV, 2011 WL 861490, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2011, no pet.) (mem. op.); *Fernandez v. Mendoza*, No. 05-03-01680-CV,

6

2005 WL 110349, at *3 (Tex. App.—Dallas Jan. 20, 2005, pet. denied) (mem. op.); *Gentry v. Marburger*, 596 S.W.2d 201, 203–04 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also Aracely Enters., LLC v. Sesatty Enters., LLC*, No. 13-24-00058-CV, 2025 WL 2166592, at *3–4 (Tex. App.—Corpus Christi–Edinburg July 31, 2025, no pet. h.) (mem. op.). Thus, neither the justice court nor the county court at law had jurisdiction over this forcible-detainer suit.

Accordingly, we sustain Eggworth's sole issue.

## IV. CONCLUSION

Having sustained Eggworth's sole issue, we reverse the trial court's judgment, and we render a judgment dismissing the case. *See Aracely Enters.*, 2025 WL 2166592, at *5; *Mortg. Elec. Registration Sys. v. Young*, No. 2-08-088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.); *see also* Tex. R. App. P. 43.2(c).

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 14, 2025

7