**Gilberto FALCON and all occupants, Appellants,**

**v.**

**Juan G. ENSIGNIA, Appellee.**

**No. 13–97–350–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 20, 1998.

Alejandro Moreno, Jr., Edinburg, for Appellant.

Kelly K. McKinnis, McAllen, for Appellee.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

YANEZ, Justice.

Gilberto Falcon, individually and on behalf of other residents of the El Torro Motel, brings this appeal from a summary judgment entered against him in a forcible entry and detainer action filed by Juan Ensignia. By two points of error, Falcon contends the county court-at-law erred in granting summary judgment: first, because it lacked jurisdiction to determine title, and second, because Ensignia failed to prove each element of a forcible entry and detainer action as a matter of law. Ensignia maintains we do not have jurisdiction to review this matter because appellate review is prohibited by section 24.007 of the property code. We agree that we do not have jurisdiction and will dismiss the appeal.

Ensignia brought a forcible entry and detainer action in justice court against Falcon and all occupants after he purchased real property, including the motel, from G.E. Hernandez. Falcon and his wife Elma had apparently been living at and managing the motel for some time; they refused to move out when Ensignia requested them to. The Falcons filed a written answer in justice

court, wherein they alleged that they had entered into an oral contract for the purchase of the property from Hernandez back in 1988. They never produced any writing evidencing this conveyance, however. Ensignia, on the other hand, filed a copy of the warranty deed and vendor's lien evidencing his purchase and ownership of the property. The justice court rendered judgment in favor of Ensignia, and the Falcons appealed to county court for a trial de novo.

At county court, Ensignia moved for summary judgment on the ground that he owned the property, the Falcons were occupying the premises against his will, he had asked them to leave, and they refused. The Falcons did not file a response to the motion for summary judgment. The trial court granted summary judgment in favor of Ensignia, ordering "all writs necessary to secure possession of said real property." This appeal ensued.

### JURISDICTION OF JUSTICE AND COUNTY COURTS

■ Before considering the merits of the appeal, as well as our jurisdiction to review the issues raised, we first consider whether the underlying judgments are void, as alleged by Falcon.

■ The purpose of a forcible entry and detainer action is to provide a party with an immediate legal remedy to obtain possession. *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In such suits the court merely resolves who is entitled to possession. *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. Civ.App.—San Antonio 1981, no writ). In creating the cause of action, the legislature intended to provide a "summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of the property without resorting to an action upon title." *Id.* (quoting *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935)). Accordingly, such actions are brought in justice courts, where a minimum degree of formality is required.

■ Justice courts may adjudicate possession even where issues related to the title of real property are tangentially or collater-

ally related to possession. *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex.1984); *Home Sav. Ass'n,* 600 S.W.2d at 913–14; *Fry v. Ahrens,* 256 S.W.2d 115, 116–17 (Tex.Civ. App.—Galveston 1953, no writ). If the question of title is so integrally linked to the issue of possession that possession may not be determined without first determining title, justice and county courts are without jurisdiction to make any determinations regarding title. *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Johnson v. Fellowship Baptist Church,* 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). District courts have sole jurisdiction to adjudicate title to real property. TEX. CONST. art. 5, § 8; TEX. GOV'T CODE ANN. § 26.043 (Vernon 1988).

We do not believe a genuine title dispute was ever raised in either court. Falcon referred to an oral agreement between him and Gonzalez, but such agreement is unenforceable as a matter of law. *See* TEX. BUS & COMM.CODE ANN. § 26.01 (Vernon 1987) (conveyance of real property must be in writing to be enforceable). Specific evidence of title dispute is required to raise an issue of a justice court's jurisdiction. *See Sparkman v. State,* 968 S.W.2d 373, 377–78 (Tex.App.— Tyler 1997, no pet. h.) (citing *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1995, writ denied)). Without the Falcons having presented specific evidence to raise a genuine title dispute, the jurisdiction of the court was never at issue.

With respect to the county court's de novo trial, Falcon never filed any pleadings in that court. Although Falcon was entitled to rely on his written pleadings from justice court in the subsequent county court trial, *see* Tex.R. Civ. P. 753; 2 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 46.07[2] (Oct. 1997), such reliance would be in vain, because Falcon's claim to title was untenable as a matter of law without written evidence supporting it.

We conclude that, because no genuine issue related to title was raised in the courts below, each had authority to adjudicate the forcible entry and detainer action.

## OUR JURISDICTION

■ We next consider our jurisdiction to review this case on appeal. Ensignia contends that because the property in question is a commercial motel, the final judgment of the county court may not be appealed on the issue of possession. As authority, he cites section 24.007 of the property code, which states "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes *only*." TEX. PROP.CODE ANN. § 24.007 (Vernon 1994). [emphasis ours]. This section precludes appellate review on the issue of possession wherever any portion of the property is used commercially. *Fandey v. Lee*, 880 S.W.2d 164, 167 (Tex.App.—El Paso 1994, writ denied).

This action involves the right of possession of real estate used both as a residence and as a commercial enterprise. Ensignia sought only the possession of the property, and the trial court granted that request by issuing a writ of possession. Other than his contention that the justice and county courts did not have jurisdiction because the issue of title was central to the determination of the right to possession, he made no other arguments regarding Ensignia's right to possession. We have already discussed why no title dispute was actually presented.

■ Like the justice and county courts, we are a court of limited jurisdiction. As Ensignia notes, the legislature has limited our jurisdiction to review judgments rendered in forcible entry and detainer actions. *See* TEX. PROP.CODE ANN. § 24.007. Because we do not have jurisdiction to review the issue of possession at all, we are unable to review the court's order. We note, however, that questions about title to the property are not foreclosed by the issuance of the writ of possession. A party who is removed from property may challenge a competing deed in district court. *Home Sav. Ass'n*, 600 S.W.2d 911. The writ of possession does not foreclose the possibility of litigating these issues. *Cuellar*, 625 S.W.2d at 5.

For the reasons stated above, we hereby DISMISS the instant appeal.