

NUMBER 13-07-00058-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIE J. HOPES AND
SHIRLEY E. HOPES,                                              **Appellants,**

**v.**

BUCKEYE RETIREMENT
CO., LLC., LTD.,                                               **Appellee.**

On appeal from the County Court of Jackson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellee, Buckeye Retirement Co., LLC., Ltd. ("Buckeye"), filed a forcible entry and

detainer suit in the Jackson County Justice Court Precinct No. One against appellants,

Willie J. and Shirley E. Hopes (the "Hopeses"). *See* TEX. PROP. CODE ANN. §§ 24.001,

24.004 (Vernon 2000).  After the justice court determined that Buckeye was entitled to possession of the property at issue, the Hopeses appealed to the county court in Jackson County.  *See* TEX. R. CIV. P. 749.  The county court, in a trial de novo, held that Buckeye was entitled to possession of the property.  The Hopeses assert two issues on appeal: (1) the county court and justice court lacked jurisdiction; and (2) in the alternative, there is insufficient evidence to support the county court's judgment.  We vacate the judgments rendered by the justice court and county court and dismiss this appeal for want of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1996, the Hopeses contracted with Community Improvements to have some work done on their home.  According to the Hopeses, Community Improvements did not do all of the work under the contract, and some of the work it did was insufficient or incomplete.  For these reasons, the Hopeses did not make all of the payments due under the contract and were forced to hire other contractors to complete some of the work.

Whether the contract was a lien contract is disputed; however, Buckeye asserts that through various assignments from Community Improvements, Buckeye became the owner and holder of the note and deed of trust covering the Hopeses' home.  In August 2006, Buckeye foreclosed on the property, and because Buckeye subsequently purchased the property at the foreclosure sale, a substitute trustee's deed was issued to Buckeye.  Thereafter, Buckeye sent notices to the Hopeses regarding its purchase of the home through the foreclosure sale and advising the Hopeses to vacate the premises.  The Hopeses did not vacate the property, and Buckeye brought a forcible entry and detainer

2

suit against them in the justice court.[1]  *See* TEX. PROP. CODE ANN. §§ 24.001, 24.004.

The justice court found that Buckeye had the right to immediate possession of the property and issued a judgment for Buckeye.  The Hopeses appealed to the county court and asserted, in a trial *de novo*, that Buckeye did not have the right to possession because of a failure of consideration in the contract with Community Improvements.  While trial was proceeding in the county court, Buckeye filed a deficiency suit in district court against the Hopeses.[2]  The county court affirmed the ruling of the justice court, and the Hopeses

---

[1] We note that Buckeye labeled its pleadings in the lower courts, "Complaint for Forcible Entry and Detainer," yet it prayed that the "Hopeses be adjudged guilty of forcible detainer."  The county court, in its "Judgment Granting Complaint for Forcible Entry and Detainer," found the "Hopeses are guilty of forcible detainer."  This reflects a common treatment of the two actions; courts and practitioners often use the two interchangeably.  However, the two are distinct causes of action.  *Compare* TEX. PROP. CODE ANN. § 24.001 (Vernon 2000) ("Forcible Entry and Detainer"), *with id.* § 24.002 (Vernon 2000 ("Forcible Detainer"); *see also Yarto v. Gilliland*, No. 13-07-175-CV, 2009 WL 38976, at *8 n.3 (Tex. App.–Corpus Christi Jan. 8, 2009, no pet. h.).

In the present case, the action must be forcible entry and detainer because there was no evidence or allegation of a landlord-tenant relationship between Buckeye and the Hopeses.  *See* TEX. PROP. CODE ANN. § 24.002; *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi 2003, pet. denied).  When there has not been an unlawful entry, forcible detainer is the appropriate action to determine the immediate right to possession.  *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.).  A forcible entry and detainer action is appropriate for determining the right to immediate possession when the initial entry was unlawful or forcible and the continued possession is unlawful.  *See* TEX. PROP. CODE ANN. § 24.001; *see also Team Bank v. Higginbotham*, No. 05-92-02220-CV, 1993 WL 343385, at *1 n.1 (Tex. App.–Dallas Sept. 10, 1993, no pet.) (not designated for publication) ("Forcible entry and detainer contemplates that the initial entry was illegal and that the continued possession is illegal.  Forcible detainer is where the initial entry was lawful but the continued possession of the premises is unlawful.").

However, for purposes of determining jurisdiction of the lower courts in this case, the difference between the two actions is not relevant.  All we must determine is whether specific evidence of a title dispute, requiring resolution before the immediate right to possession can be decided, was presented to the lower courts.  *See Rice*, 51 S.W.3d at 709 (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no pet.).  "Nevertheless, we call attention to this concern in the hope of preventing any future misunderstandings." *Yarto*, 2009 WL 38976, at *8 n.3.

[2] During the pendency of this appeal, the district court granted summary judgment for Buckeye in the deficiency suit and dismissed the Hopeses' counterclaims.  Buckeye attached a copy of the judgment to its brief to this Court.  However, the judgment is not before this Court because it was not part of the record below, and we do not consider it in deciding the present case.  *See* TEX. R. APP. P. 34.1; *Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 (Tex. App.–Corpus Christi 2008, pet. dism'd w.o.j.).
.

3

appealed the county court's ruling to this Court.

## II. Jurisdiction of the Lower Courts

### A. Applicable Law

In their first issue on appeal, the Hopeses challenge the subject-matter jurisdiction of the lower courts by asserting that title to the property was in dispute. "Appellate court jurisdiction over the merits of a case extends no further than that of the court from which the appeal is taken." *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.–Corpus Christi 2003, pet. denied). Therefore, if the lower courts lacked jurisdiction, we may only set aside the judgment and dismiss the case. *Id.*

Proper subject-matter jurisdiction for forcible entry and detainer actions lies in the justice court of the precinct in which the property is located, and, on appeal for a trial de novo, in the county court of the county in which the justice court entered judgment. TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 749; *Ward*, 115 S.W.3d at 269. "The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Ward*, 115 S.W.3d at 269. The legislature has specifically prohibited the justice court from adjudicating or determining titles to land. *See* TEX. GOV'T CODE ANN. § 27.031 (Vernon Supp. 2008).

In the trial court, the pleading party has the affirmative duty to plead facts that demonstrate that the trial court has jurisdiction. *Ward*, 115 S.W.3d at 269. The plaintiff need not prove title, but he must prove a superior right to immediate possession. *See* TEX. R. CIV. P. 746 (noting that right to possession is the only issue in an action for forcible entry

4

and detainer); *see also Brodsky v. Vega*, No. 04-05-00799-CV, 2006 WL 2612532, at *1 (Tex. App.–San Antonio Sept. 13, 2006, no pet.) (mem. op.); *Terra XXI Ltd. v. AG Acceptance Corp.*, No. 07-04-0325-CV, 2004 WL 2559940, at *1 (Tex. App.–Amarillo Nov. 10. 2004, pet. dism'd w.o.j.) (mem. op.). To prove a superior right to immediate possession, the plaintiff must present sufficient evidence of ownership. *Gibson v. Dynegy Midstream Svcs., L.P.*, 138 S.W.3d 518 (Tex. App.–Fort Worth 2004, no pet.). "However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.) (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *see Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no pet.) ("If the question of title is so integrally linked to the issue of possession that possession may not be determined without first determining title, justice and county courts are without jurisdiction to make any determinations regarding title."). Once specific evidence of a title dispute is presented, an issue regarding the justice court's jurisdiction is raised. *Falcon*, 976 S.W.2d at 338.

## B. *Mitchell v. Armstrong Capital Corporation*

The present case is similar to *Mitchell v. Armstrong Capital Corp.*, in which the Houston First District Court of Appeals determined that neither the justice nor the county court had jurisdiction over a forcible detainer action. 911 S.W.2d 169, 171 (Tex. App.–Houston [1st Dist.] 1995, writ denied). In *Mitchell*, the plaintiff traced its chain of title to a lien contract and promissory note under which a contractor was to repair and improve

Mitchell's home. *Id.* at 170. The note and contract were then assigned and transferred to the plaintiff. *Id.*

Upon Mitchell's default, the plaintiff requested that the substitute trustee sell the property under the provisions of the lien contract. *Id.* After purchasing the house at the substitute trustee's foreclosure sale, the plaintiff "notified Mitchell that it purchased the property and demanded that she vacate the premises . . . ." *Id.* Because Mitchell failed to vacate the property, the plaintiff brought a forcible detainer suit against her in the justice court. *Id.* Mitchell answered and argued that the justice court lacked jurisdiction because the case involved a title dispute, not merely a dispute as to possession. *Id.* Mitchell referenced her suit against the plaintiff in district court in which she was seeking to set aside the substitute trustee's foreclosure sale. *Id.*

In the justice court, Mitchell asserted that because the plaintiff's right to possession was based on the foreclosure sale, which was being disputed in district court, title to the property must be decided before the right to possession could be determined. *Id.* at 171. Therefore, according to Mitchell, the justice court lacked subject-matter jurisdiction. *Id.* The justice court's ruling in favor of Armstrong Capital Corporation was upheld on appeal to the county court, but the Houston First District Court of Appeals held that both the justice court and county court lacked jurisdiction "[b]ecause a 'title issue' was involved in the courts below." *Id.*

In the present case, in response to questions from Buckeye's counsel, Shirley Hopes testified that there was a concurrent case in district court in which Buckeye was seeking to recover a deficiency judgment against the Hopeses. Willie Hopes stated that

6

they did not give Community Improvements a lien on the property. Both of the Hopeses testified that Community Improvements failed to do some of the work and did some of the work poorly or incorrectly. The Hopeses argued that the Community Improvements contract was unenforceable due to this alleged failure of consideration, and Shirley Hopes confirmed that they would be raising all of these same issues in the concurrent trial in district court. Neither party offered into evidence the Community Improvements contract which might have clarified the ownership and possession issues. *See Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex. Civ. App.–El Paso 1972, no writ) (holding that the justice court did not have jurisdiction because "the determination of the right of possession issue in the Justice Court depended on who owned the real estate involved.").

## C. Buckeye's Argument

Drawing parallels between this case and *Villalon v. Bank One*, Buckeye asserts it has the superior right to possession under the assignment of the contract between the Hopeses and Community Investments. 176 S.W.3d 66 (Tex. App.–Houston [1st Dist.] 2004, pet denied). In *Villalon*, Bank One had a deed of trust and a note covering Villalon's property. *Id.* at 68. When Villalon defaulted by not making his payments, Bank One accelerated the note and foreclosed on the property under the deed of trust. *Id.* At the foreclosure sale, Bank One was the successful bidder, and it filed a forcible detainer action seeking Villalon's expulsion from the property. *Id.* Bank One claimed ownership through a substitute trustee's deed. *Id.* The justice court and county court held that Bank One had the immediate right to possession. *Id.* at 68-69. On appeal, the Houston First District Court of Appeals held that the lower courts had jurisdiction because the original deed of

7

trust provided for a tenancy at sufferance and that this "landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that Bank One had the right to immediate possession without resolving" the title issues raised by Villalon. *Id.* at 69, 71.

In this case, Buckeye argues that the substitute trustee's deed established a landlord-tenant relationship, and it did not present any other evidence of such a relationship to the lower courts. Buckeye attached the substitute trustee's deed to its verified pleadings. The Hopeses argue that the substitute trustee's deed is not before this Court because it was not admitted as evidence in the lower courts. Assuming, without deciding, that the substitute trustee's deed was properly considered by the lower courts, we note that the substitute trustee's deed does not establish a landlord-tenant relationship as suggested by Buckeye. The distinction between Buckeye's position and Bank One's position in *Villalon* is that Villalon admitted that the underlying deed of trust, which was foreclosed on, established the tenancy at sufferance. *Id.* at 68-9; *see*, *Rice*, 51 S.W.3d at 707 (demonstrating that the landlord-tenant relationship arose from a provision in the underlying deed of trust establishing a tenancy at sufferance should the encumbered property be sold and the grantor did not immediately vacate the property); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 912 (Tex. Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.) (noting that the underlying "Contract for Labor and Materials and Trust Deed" specifically established the landlord-tenant relationship upon foreclosure); *Haith*, 596 S.W.2d at 197 (highlighting that the landlord-tenant relationship was specifically provided for should there be a breach of the "Contract for Sale"). Regardless of whether the

substitute trustee's deed was admitted into evidence, the substitute trustee's deed does not establish a landlord-tenant relationship between the Hopeses and Buckeye.

Buckeye also argues that it established ownership, and an immediate right of possession, through Willie Hopes's testimony wherein Willie Hopes confirmed that he received notice of foreclosure and notice to vacate after foreclosure; that the substitute trustee conveyed the property by deed at a foreclosure sale; and that the Hopeses failed to vacate despite notice to do so. Buckeye does not provide any authority to support its assertions that an acknowledgment of receipt of notice of foreclosure and receipt of a notice to vacate establishes ownership or an immediate right of possession in the sender. *See* TEX. R. APP. P. 38.1(h), 38.2(a)(1); *see also Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 141 (Tex. App.–Waco 2005, pet. denied) (noting that the rules of appellate procedure require the appellee's brief to include citations to authority and to the record to support its contentions). In addition, Buckeye fails to demonstrate the enforceability of the contract between Community Improvements and the Hopeses, upon which the assignment to Buckeye depends. In fact, the enforceability of the contract formed the very basis of the Hopeses' arguments in the lower courts, demonstrating the disputed nature of the title to the property.

Buckeye does, however, allege that the Hopeses cannot challenge the enforceability of their contract with Community Improvements based on a failure of consideration without having filed a verified pleading asserting such a defense in the lower courts. *See* TEX. R. CIV. P. 93.9, 94. However, the record does not reflect that Buckeye filed a special exception objecting to the Hopeses' failure to file the verified pleading as required by the rules of civil procedure. *See* TEX. R. CIV. P. 90 ("Every defect, omission or fault in a

9

pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account . . . .").  Because Buckeye did not raise a special exception, it may not complain on appeal about the Hopeses not filing a verified pleading.  *Id.*; *see Smith v. Walters*, 468 S.W.2d 889, 891 (Tex. Civ. App.–Dallas 1971, no writ) ("While it is true that Rule [93.9 of the rules of civil procedure], provides that a pleading to the effect that a written instrument sued upon is without consideration, or that the consideration for the same has failed, must be verified, it is equally true that a failure to except to the nonverification of a plea of want or failure of consideration constitutes a waiver thereof.").

**D.	Lower Courts Did Not Have Jurisdiction**

We recognize that "a justice court or county court at law is not deprived of jurisdiction [over forcible entry and detainer actions] merely by the existence of a title dispute."  *Rice*, 51 S.W.3d at 713.  However, it is apparent that, in the present case, "'the right to possession necessarily requires the resolution of a title dispute.'"  *Id.* at 712 (citing *Haith*, 596 S.W.2d at 196).  Buckeye has not asserted "any other independent basis on which the trial court could decide the immediate possession issue."  *Rice*, 51 S.W.3d at 712.  Without a landlord-tenant relationship or other basis independent of the Community Improvements contract, the justice court could not determine the issue of immediate possession without determining ownership of the property.  *See Aguilar*, 72 S.W.3d at 733 (citing *Ravkind*, 313 S.W2d at 125).  The Hopeses have specifically challenged the

10

enforceability of the Community Improvements contract and testified that they would do so in the concurrent suit in district court, thus presenting specific evidence of a title dispute. *Falcon*, 976 S.W.2d at 338. Until the contract dispute is settled and title is determined, the right to possession of the property cannot be determined. *Rice*, 51 S.W.3d at 709. We agree with the Hopeses and find that the justice court and, in turn, the county court, did not have jurisdiction over Buckeye's forcible entry and detainer action.[3]

## III. CONCLUSION

Having found that the lower courts lacked jurisdiction, we vacate the judgments of the justice court and the county court and dismiss this appeal for want of jurisdiction. *See Ward*, 115 S.W.3d at 271.

GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 2nd day of April, 2009.

---

[3] Because we find that the trial court lacked jurisdiction, we do not need to address the Hopeses' second issue. *See* TEX R. APP. P. 47.1; *see also Ward*, 115 S.W.3d at 271.

11