**AFFIRM; and Opinion Filed April 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00716-CV

### JOHN CHOWDHURY, Appellant
### V.
### KINGDOM GROUP INVESTMENTS, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01053-E**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

In this forcible detainer and eviction case, appellant John Chowdhury appeals the county court's judgment awarding possession of real property (the Property) to appellee Kingdom Group Investments (KGI).[1] In two issues, Chowdhury contends the county court lacked jurisdiction to enter judgment. For the following reasons, we affirm the county court's final judgment.

BACKGROUND

In 1998, Chowdhury borrowed money secured by a deed of trust on the Property. In November 2017, Elegant Investment Group, Inc., Holiday Lodge, Inc., and Tuesday Real Estate, LLC, together, bought the Property at a foreclosure sale and, on December 22, 2017, sold the Property to KGI. In January 2018, counsel for KGI sent a letter to Chowdhury demanding that he

---

[1] Sumi Chowdhury also was a defendant in this suit, but is not a party to this appeal.

vacate the Property within three days. When Chowdhury failed to vacate, KGI filed this action in justice court for possession of the Property.

According to his brief, Chowdhury filed an action in district court on December 18, 2017, before the Property was conveyed to KGI, challenging the foreclosure sale. Chowdhury asserts that he later added KGI as a defendant in the district court action and obtained a temporary restraining order (TRO) preventing KGI from taking any action to evict Chowdhury. Neither the TRO, the petition, nor any other evidence of the district court action are in the appellate record.

Following a February 6, 2018 bench trial, the justice court entered a take-nothing judgment in KGI's forcible detainer action. KGI appealed the judgment to county court, where Chowdhury filed a motion to dismiss, plea to abate, and plea to the jurisdiction. Chowdhury argued the county court lacked jurisdiction because the district court TRO, which was in effect from January 9, 2018 until February 6, 2018, precluded KGI from prosecuting the forcible detainer action and rendered the justice court's judgment void. Alternatively, Chowdhury argued the county court should have abated or dismissed the forcible detainer action because the right of possession "was so intertwined" with title to the Property that the county court lacked jurisdiction. Chowdhury's brief states the county court considered, but orally denied, the motion during a March 15, 2018 hearing at which the county court had "specific evidence" of the district court action. However, there is no reporter's record of March 15, 2018 hearing.

During a subsequent bench trial in county court, KGI offered into evidence without objection the deed of trust, a substitute trustee's deed showing Elegant Investment Group, Inc., Holiday Lodge, Inc., and Tuesday Real Estate, LLC bought the Property at a foreclosure sale, a special warranty deed showing the Property was sold to KGI, and the notice to vacate KGI sent to Chowdhury. Chowdhury offered no evidence and raised the district court action only tangentially by asking a KGI officer testifying at trial if he had been aware a lawsuit challenging the foreclosure

–2–

was pending when KGI received the deed. The officer testified he had not been aware of the lawsuit. Following trial, the county court entered a final judgment awarding possession of the property to KGI.

JURISDICTION

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). The justice court of the precinct where a property is located has jurisdiction over forcible detainer actions related to that property. *See* TEX. PROP. CODE ANN. § 24.004(a); TEX. GOV'T CODE ANN. § 27.031(a)(2); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). A party may appeal a justice court's judgment to a county court for trial de novo, but the county court's jurisdiction is confined to the justice court's jurisdictional limits. TEX. R. CIV. P. 510.10(c); *Rice*, 51 S.W.3d at 708.

The only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470–71 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Whether the sale of the property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Id.* at 471; *see* TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). However, the mere existence of a title dispute will not deprive the justice court of its jurisdiction; a forcible detainer action may be prosecuted in justice court concurrently with a title dispute in district court. *Morris v. Am. Home Mortgage Serv., Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Rice*, 51 S.W.3d at 713. A justice court lacks jurisdiction to determine a right to possession only if resolution of that right depends upon resolution of a title dispute. *Morris*, 360 S.W.3d at 34–35. In order to defeat jurisdiction, the title issue must be "so integrally linked to the issue of possession that possession may not be determined without first

–3–

determining title." *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.).

ANALYSIS

On appeal, Chowdhury contends the county court lacked jurisdiction because the district court's TRO precluded KGI from prosecuting the forcible detainer action and rendered the justice court's judgment void. Chowdhury also asserts the right to possession was so intertwined with title to the Property that there could be no jurisdiction.

The record contains no evidence of the TRO or any other evidence regarding the district court action. Chowdhury's brief claims the county court had specific evidence of the district court action, but cites only his motion to dismiss, plea to abate, and plea to the jurisdiction, which is not evidence to support his assertions that the county court lacked jurisdiction. *See Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."). The record simply does not show KGI pursued its forcible detainer action in contravention of a TRO or that a pending title dispute was integrally linked with right to possession of the Property. Accordingly, we must conclude the county court retained jurisdiction to consider the right to immediate possession of the Property.[2] *See Jaimes v. Fed. Nat'l Mortgage Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, *5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (references to alleged purchase of property made in motion to dismiss and plea in abatement, reply brief, and by counsel at trial were no evidence to support claim to superior title depriving county court of jurisdiction); *Falcon*, 976 S.W.2d at 338) (specific evidence of title dispute required to raise issue of jurisdiction). We overrule Chowdhury's first and second issues.

---

[2] Chowdhury does not dispute KGI's proof establishing the allegations in KGI's forcible detainer petition or whether KGI established, in the absence of any title dispute, that it was entitled to immediate possession of the Property.

We affirm the county court's final judgment.

/Ada Brown/
ADA BROWN
JUSTICE

180716F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN CHOWDHURY, Appellant

No. 05-18-00716-CV     V.

KINGDOM GROUP INVESTMENTS,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-01053-E.
Opinion delivered by Justice Brown;
Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KINGDOM GROUP INVESTMENTS recover its costs of this appeal from appellant JOHN CHOWDHURY.

Judgment entered this 25th day of April 2019.