**Affirmed and Memorandum Opinion filed March 3, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00982-CV

**MELANIE L. MENCER PARKS, MICHAEL PARKS, AND ALL OTHER OCCUPANTS OF 2309 PARADISE CANYON DRIVE, PEARLAND, TEXAS 77584, Appellants**

**V.**

**HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION, ALTERNATIVE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, Appellee**

**On Appeal from the County Court at Law No. 4 and Probate Court Brazoria County, Texas Trial Court Cause No. CI57237**

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, the property's occupants challenge the judgment in favor of the entity that purchased the property at a non-judicial foreclosure sale. We conclude that the justice court and the county court at law had

jurisdiction over the case; that the evidence supports the judgment; and that the occupants' evidentiary complaint was not preserved for review. Thus, we affirm the judgment.

## I. BACKGROUND

In 2006, mortgagor Melanie L. Mencer Parks signed a deed of trust granting her lender a security interest in her residence at 2309 Paradise Canyon Drive in Pearland, Texas. She defaulted on the loan, and appellee "HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates, Series 2007" bought the property at a non-judicial foreclosure sale in August 2017. Later that month, HSBC prepared multiple notices to vacate the premises and sent them to the premises both by certified mail, return receipt requested, and by "regular," postage-prepaid mail, directed separately to Melanie Parks, Michael Parks, Pennelopia Taylor,[1] John A. Taylor, and "Occupants."

The premises were not vacated, and nearly five months after sending the notices, HSBC filed a forcible entry and detainer action in justice court against Melanie and Michael Parks "and all other occupants" of the premises. We refer to these individuals collectively as the "Parks Parties." The justice court ruled in favor of HSBC, and the Parks Parties appealed to the county court at law for a trial de novo.

At the non-jury trial, HSBC's evidence consisted solely of (a) the 2006 deed of trust, (b) the 2017 trustee's deed conveying the property to HSBC as the purchaser at the foreclosure sale, and (c) a business-records affidavit attesting to service of the notices to vacate and attaching copies of the correspondence and of the certified-

_____

[1] In the reporter's record, she is identified as "Penelopia P. Taylor."

mail receipts. The Parks Parties relied entirely on the testimony of Pennelopia Taylor, who stated that she and her husband had a purchase agreement with Melanie Parks for the home and that they had a warranty deed on the property. She further testified that she has a pending suit in district court to address the title dispute.

After the parties rested, the trial court stated, "I'm going to deny [HSBC's] request for relief because I don't believe that this is a matter that's proper subject matter jurisdiction for this Court." The trial court further stated, "I believe that in order to determine possession of the property, it is a matter of a title dispute which should be settled in the district court." However, the appellate record does not contain a signed order giving effect to the trial court's statements.[2]

HSBC filed a motion for rehearing, attaching a copy of the Taylors' warranty deed, in which Melanie Parks and the Taylors stipulated that the warranty deed is inferior to the lien under the 2006 deed of trust, which had been assigned to HSBC. The trial court granted the motion for rehearing and later signed a final judgment granting HSBC possession of the property. The Parks Parties superseded the judgment, which they now appeal.

## II. ISSUES PRESENTED

In their first issue, the Parks Parties contend that the judgment should be reversed because HSBC failed to comply with a statute requiring a landlord to provide written notice to vacate before filing a forcible-detainer suit. Although they phrase their second issue as a challenge to the trial court's failure to abate the suit, they do not brief that issue, and the record does not show that any party asked the trial court to abate the case. The Parks Parties instead argue under this heading that

---

[2] By saying it was "going to" rule in a certain way, the trial court did not orally render judgment; it expressed its intention to issue such a ruling in the future. *See Mem'l Hermann Health Sys. v. Heinzen*, 584 S.W.3d 902, 908–09 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

the trial court lacked jurisdiction to adjudicate the right to immediate possession of the property. According to the Parks Parties, that issue cannot be decided without first resolving the title dispute, over which they claim the trial court lacks jurisdiction. Finally, the Parks Parties assert that the trial court erred in admitting the business-records affidavit offered by HSBC.

We begin with the Parks Parties' jurisdictional arguments, for if the justice court and county court at law lacked jurisdiction over this forcible-detainer suit, then we would lack jurisdiction to review the merits of their remaining arguments.

## III. JURISDICTION

The existence of subject-matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

The Parks Parties argue that the county court at law lacked subject-matter jurisdiction for two reasons.

First, they contend that the justice court and the county court at law lacked jurisdiction because HSBC filed suit without sending them the required pre-suit notices to vacate. We reject this argument because proper notice is an element of forcible detainer, not a jurisdictional prerequisite. *See, e.g.*, *Furrer v. Furrer*, No. 09-18-00360-CV, 2019 WL 5075864, at *3 (Tex. App.—Beaumont Oct. 10, 2019, pet. denied) (mem. op.) (citing TEX. PROP. CODE ANN. § 24.002(b)); *Geters v. Baytown Housing Auth.*, 430 S.W.3d 578, 584 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Second, the Parks Parties contend that the courts below lacked jurisdiction because the courts could not decide the issue of possession without first resolving the title dispute. The Parks Parties are mistaken.

4

A justice court in the precinct where the real property is located has jurisdiction over forcible-detainer suits. TEX. PROP. CODE ANN. § 24.004. A forcible detainer can occur in several ways, including the refusal of a tenant at will or a tenant by sufferance to surrender possession of real property after the person seeking possession has made a statutorily sufficient notice to vacate. *Id.* § 24.002(a)(2) (describing forcible-detainer actions); *id.* § 24.005 (requiring written notice to vacate before filing suit). In contrast, a justice court lacks jurisdiction to adjudicate title. *Id.* § 27.031(b)(4). Thus, a forcible-detainer action in a justice court determines only the right to actual possession of the property; such a proceeding cannot resolve title disputes, which may be addressed in a separate suit in a court of proper jurisdiction. TEX. R. CIV. P. 510.3(e); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

A party may appeal the justice court's judgment to a statutory county court. TEX. R. CIV. P. 509.8. The appeal is by trial de novo. TEX. R. CIV. P. 510.10(c). In a forcible-detainer appeal, the county court has no greater jurisdiction than the justice court had. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Rice*, 51 S.W.3d at 708–09. Thus, like the justice court, the county court cannot adjudicate title.

But, the mere existence of a title dispute does not deprive the justice court or county court of jurisdiction. *See Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at*3 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.) (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)). The title dispute must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Id.* (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.)). If the right to immediate possession can be

5

adjudicated on a basis other than title, the justice court retains jurisdiction over the forcible-detainer action. *Id.*

Where, as here, a deed of trust provides that the previous owner becomes a tenant at sufferance by failing to surrender possession, the trial court can decide the issue of possession without addressing the title dispute. *Id.* (citing *Salaymeh*, 264 S.W.3d at 435). Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). And, because a grantor cannot convey more than the grantor possesses, a grantor who is subject to tenant-at-sufferance clause cannot convey an interest in the property free of the clause. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Thus, "a deed of trust's tenant-at-sufferance clause binds subsequent occupants whose interests are junior to the deed of trust." *Id.* As a result, the alleged landlord-tenant relationship provides a basis for a forcible-detainer action independent of the title dispute. *See Gardocki*, 2013 WL 6568765, at*3.

Here, the 2006 deed of trust contained a tenant-at-sufferance clause, which provided that if the property was sold at a non-judicial foreclosure sale, then Melanie Parks "or any person holding possession of the Property through [her] shall immediately surrender possession of the Property to the purchaser at that sale." The clause further stated, "If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." The justice court (and on appeal, the county court at law) accordingly could decide the immediate right to possession based on the tenant-at-sufferance clause independently of the title dispute.

We overrule this issue.

## IV. NOTICE

If a tenant by sufferance occupies the premises at issue, then the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible-detainer suit. *See* TEX. PROP. CODE ANN. § 24.005(b). "Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." *Id.* § 24.005(f). Subsection (f) of the notice provision requires notice to be given "to the premises in question," but the statute "does not require receipt by any particular person." *Mendoza v. Bazan*, 574 S.W.3d 594, 607 (Tex. App.—El Paso 2019, pet. denied); *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same).

The Parks Parties contend there was no evidence that HSBC complied with the statutory requirement to provide three days' written notice to vacate a property before filing a forcible-detainer action. The Parks Parties also assert that they presented uncontroverted testimony that HSBC did not comply with the statute.

We construe these arguments as a challenge to the legal and factual sufficiency of the evidence that HSBC complied with the notice statute. We determine if legally sufficient evidence supports a finding by "view[ing] the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Evidence of a vital fact's existence is legally insufficient if (a) no evidence in the record supports it, (b) rules of law or of evidence bar the court from giving weight to the only evidence offered to prove it; (c) there is no more than a scintilla of supporting evidence, or (d) the evidence conclusively establishes the converse. *See id.* at 810. When reviewing for factual sufficiency, we consider and weigh all of the pertinent evidence, and we will set the finding aside only if "the credible evidence supporting

the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016).

We conclude that HSBC established that it complied with the notice statute. As proof, HSBC relied on the business-records affidavit of Michael Hupf, who is an attorney and records custodian of Bonial & Associates, P.C., one of the law firms representing HSBC. Hupf attested as follows:

> On August 22, 2017, a Demand to Vacate was forwarded by certified mail, return receipt requested, and regular mail, postage prepaid, to Defendant, MELANIE L. MENCER PARKS, MICHAEL PARKS and/or all other occupants of 2309 PARADISE CANYON DRIVE, PEARLAND, TX 77584, demanding that the Defendant(s) vacate the property within three (3) days or forcible detainer proceedings would be commenced against them and all other occupants.

Hupf authenticated the documents attached to the business-records affidavit, which included copies of nine letters, each of which stated in bold letters, "**This letter constitutes formal and final demand that you vacate the Premises within three (3) days of the date that this letter is delivered. If you fail to vacate the Premises as demanded, we have been instructed to file suit against you.**" Each letter was marked with its own certified article number, and each was accompanied by a United States Postal Service receipt for certified mail bearing the corresponding certified article number. Six of the letters were sent to the premises, addressed respectively to "Pennelopia Taylor and/or all other occupants," "John A. Taylor and/or all other occupants," "Melanie L. Mencer Parks and/or all other occupants,"[3] "Michael Parks and/or all other occupants," and "Current Occupant." The three remaining letters were sent to Melanie or Michael Parks at alternative addresses.

---

[3] Two letters were sent to Melanie Parks at that address.

This evidence created a presumption that the notices were delivered. *See Schor v. U.S. Bank NA*, No. 07-17-00397-CV, 2018 WL 3799880, at *3 (Tex. App.—Amarillo Aug. 9, 2018, no pet.) (mem. op.). Pennelopia Taylor testified that she received no letters from HSBC, thereby rebutting the presumption that she personally received the notice. But when asked, "Do you know if Ms. Parks received anything," Pennelopia replied, "She was receiving all of the mail." When again asked, "Do you know if [Melanie Parks] received anything," Pennelopia responded, "I don't know. She never communicated with me." The presumption remains unrebutted that Melanie Parks received the notice to vacate that was mailed to her at the premises on August 22, 2017, and HSBC did not file the forcible-detainer action until nearly five months later.

We conclude that the evidence supports the implied finding that HSBC complied with the statutory notice requirement, and we overrule this issue.

## V. EVIDENTIARY ISSUE

In their third issue, the Parks Parties' state that they "objected to the inclusion of the notice requirements from the business records affidavit and the trial court granted the objection . . . but allowed the introduction of said business records showing the alleged notice over the continued objections of Appellants." They also state that on rehearing in the trial court, HSBC "continually referenced the Notice and the excluded items which formed the basis of the Court making a ruling of judgment of possession" in HSBC's favor. Finally, the Parks Parties cite the hearsay rule and assert that the proponent of hearsay has the burden of proving an exception to the general rule prohibiting the admission of hearsay. Thus, the Parks Parties appear to complain that the trial court first sustained a hearsay objection to the business-records affidavit and then either admitted the evidence or allowed HSBC to argue from excluded evidence.

The record reveals that the trial court sustained the Parks Parties' only hearsay objection and excluded the challenged evidence, but that evidence consisted solely of a few pages of "USPS tracking" information included among the business records attached to Hupf's affidavit. After the trial court sustained the Parks Parties' objection, the "tracking information" was redacted from the material attached to HSBC's business-records affidavit. The Parks Parties did not object to the business-records affidavit itself, to its attached copies of correspondence, or to the copies of certified-mail receipts, and it is the admission of this evidence that the Parks Parties appear to challenge on appeal. But, because the Parks Parties failed to object to this material and to pursue the objection to an adverse ruling, they have preserved no complaint to its admission. *See* TEX. R. APP. P. 33.1; *Reule v. M & T Mortg.*, 483 S.W.3d 600, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 23 (Tex. App.—San Antonio 1998, pet. denied).

We overrule this issue.

## VI. CONCLUSION

Having overruled each of the issues presented, we affirm the trial court's judgment.


/s/    Tracy Christopher
       Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

10