**Affirmed and Memorandum Opinion filed May 25, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00469-CV

## AZHAR M. CHAUDHARY, Appellant

### V.

## WENSHAN ZHANG, Appellee

**On Appeal from the County Court at Law No. 5**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-CCV-064611**

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer suit, the tenant appeals the judgment in favor of the landlord on the ground that the parties had an executory contract for the sale of residential real property, and thus, the courts below lacked jurisdiction, and in any event, the landlord cannot recover possession because it failed to send the tenant a notice specific to executory contracts. We affirm.

# I. FACTS

Azhar M. Chaudhary contracted to buy a home from Wenshan Zhang, and the parties entered into the Texas Real Estate Commission's standard "One to Four Family Residential Contract (Resale)." The contract set the sales price at $520,000, of which $104,000 was the "cash portion of the sales price" to be paid by Chaudhary at closing, and the remaining $416,000 to be paid through conventional financing by a third party in the form of first mortgage loan secured by vendor's and deed-of-trust liens.

At the same time they entered into the standard sales contract, the parties also signed the "Buyer's Temporary Residential Lease," and again used a standard form from the Texas Real Estate Commission. Chaudhary agreed to pay rent of $3,200 per month, with the lease terminating upon the first occurring of (a) the closing and funding of the sale under the sales contract, (b) the termination of the sales contract prior to closing, (c) Chaudhary's default under the lease, or (d) Chaudhary's default under the sales contract. They agreed that at the closing Chaudhary would receive credit in the form of a sales-price reduction for the rent he paid while the contract was pending.

The sales contract specified a closing date of September 30, 2018, but added that "Seller shall accommodate Buyer['s] lender's needs for extending the closing date no late[r] than 10/31/2018, with the same covenants and provisions in reference to the contract and rent credit being applied." In September 2018, the parties signed a written amendment extending the closing date to October 31, 2018. In October, they signed another written amendment that both extended the closing date to November 30, 2018, and required Chaudhary to pay an additional deposit of $5,000 by October 30, 2018. On November 23, 2018, the Zhangs notified Chaudhary that they would not extend the closing date or renew the lease because he failed to pay

2

the additional $5,000 deposit required in the October extension or to provide closing details to the title company. Nevertheless, in December 2018, the parties agreed to another amendment that extended the closing date to December 31, 2018, and required Chaudhary to pay an additional deposit of $5,000 by October 30, 2018—that, is, paying the additional $5,000 Chaudhary had already promised and failed to pay in the previous amendment. Finally, on January 11, 2019, the parties entered into their last written amendment. The parties extended the closing date to January 31, 2019, and agreed that (a) Chaudhary would pay the prorated tax and homeowners'-association expenses at the closing; (b) only rent paid from August 1, 2018, to December 31, 2018, would be credited towards the purchase; and (c) Chaudhary would release all claims for the deposit and rents if he failed to close on the purchase by the end of January 31, 2019.

Chaudhary failed to pay rent for January 2019 or to close on the purchase, so Zhang notified him that she would not renew the temporary lease and gave him three days' notice to vacate the premises. Chaudhary did not surrender the premises, and Zhang successfully prosecuted a forcible-detainer action against Chaudhary in justice court. Chaudhary appealed by trial de novo to the county court at law, and after a non-jury trial, the county court at law ruled in Zhang's favor.

On further appeal to this Court, Chaudhary argues that the sales contract was an executory contract, and thus, (a) the courts below lacked jurisdiction over the forcible-detainer action, and (b) Zhang cannot prevail because she failed to send the notices required when a purchaser defaults on an executory contract.

## II. JURISDICTION

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law, which

3

we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A justice court in the precinct where the real property is located has jurisdiction over forcible-detainer suits. TEX. GOV'T CODE ANN. § 27.031(a)(2); TEX. PROP. CODE ANN. § 24.004(a). A forcible-detainer action determines which party has the superior right to immediate possession of real property. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). To obtain the right of possession through a forcible-detainer action, the plaintiff is not required to prove title, but need only supply sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Shaver v. Wells Fargo Bank, NA*, No. 14-13-00585-CV, 2014 WL 3002414, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. struck); *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

In contrast, a justice court lacks jurisdiction to adjudicate title. TEX. PROP. CODE ANN. § 27.031(b)(4). Thus, a forcible-detainer action in a justice court determines only the right to actual possession of the property, but cannot resolve title disputes, which may be addressed in a separate suit in a court of proper jurisdiction. TEX. R. CIV. P. 510.3(e); *Rice*, 51 S.W.3d at 709.

A party may appeal the justice court's judgment to a statutory county court by trial de novo. TEX. R. CIV. P. 509.8; TEX. R. CIV. P. 510.10(c). In a forcible-detainer appeal, the county court has no greater jurisdiction than the justice court had. *Salaymeh*, 264 S.W.3d at 435; *Rice*, 51 S.W.3d at 708–09. Thus, like the justice court, the county court cannot adjudicate title.

But, the mere existence of a title dispute does not necessarily deprive the justice court or county court of jurisdiction. *See Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *3 (Tex. App.—Houston [14th Dist.]

4

Dec. 12, 2013, no pet.) (mem. op.) (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)). The title dispute must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Id.* (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.)). If the right to immediate possession can be adjudicated on a basis other than title, then the justice court (and on appeal, the county court) retains jurisdiction over the forcible-detainer action. *Id.*

If the parties have a landlord-tenant relationship, then the right to immediate possession can be resolved on that basis without resolving questions of title to the property. *Rice*, 51 S.W.3d at 712. Here, Chaudhary and Zhang entered into a temporary residential lease to run from the sales contract's commencement to its closing date. The closing date—and thus, the expiration of the lease—ultimately was extended from September 30, 2018, to January 31, 2019, after which the lease was not renewed again.

Under these circumstances, the question of which party had the superior right to immediate possession could be decided from the lease's terms and the amendments extending the closing date without the need to resolve a title dispute. We accordingly conclude that the courts below properly exercised jurisdiction over this forcible-detainer action.

We overrule Chaudhary's first issue.

## II. NOTICE

A person commits a forcible detainer by refusing to surrender possession of real property in response to a proper and timely notice to vacate if the person "is a tenant or subtenant willfully and without force holding over after the tenant's right of possession." TEX. PROP. CODE ANN. § 24.002. Unless the parties have otherwise

agreed in writing, a landlord must give a tenant at will or by sufferance at least three days' written notice to vacate before the landlord files a forcible-detainer suit. TEX. PROP. CODE ANN. § 24.005(b). To prevail in the forcible-detainer suit, a landlord need prove only that (a) it owns the property; (b) the defendant is a tenant at will, a tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession; (c) the landlord gave proper notice to the tenant to vacate the premises; and (d) the tenant refused to vacate. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).

Zhang proved each of these elements. Her agent Lou testified that Zhang owns the property. Chaudhary agreed in the lease that he is a tenant and that "[a]ny possession by Tenant after termination creates a tenancy at sufferance and will not operate to renew or extend this lease." By the parties' agreement, the lease terminated not later than January 31, 2019, and because Chaudhary failed to vacate the property, he became a tenant at sufferance. Lou testified that he sent Chaudhary Zhang's notice to vacate via certified mail on February 6, 2019; Zhang filed this forcible-detainer action two weeks later. Finally, it is undisputed that Chaudhary failed to vacate the property.

On appeal, Chaudhary does not argue that the evidence is legally or factually insufficient to support the trial court's implied finding that Zhang proved her claim.[1] He instead argues that the sales contract was an executory contract and that he accordingly was entitled to a different statutory notice—one that is specific to certain claims concerning executory contracts—as described in Texas Property Code sections 5.063 and 5.064.

---

[1] Because Chaudhary failed to follow the procedures for obtaining findings of fact and conclusions of law following a nonjury trial, we presume that the trial court made all factual findings necessary to support the judgment. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017).

Under those provisions, a seller of residential real property under an executory contract may enforce remedies of rescission or of forfeiture and acceleration against a defaulting buyer only if the seller first notifies the buyer of (a) the seller's intent to employ such a remedy, and (b) the buyer's right to cure the default within thirty days. *See* TEX. PROP. CODE ANN. §§ 5.063–.64. The inapplicability of these sections is apparent when one considers that a lease's expiration by its own terms is neither a default nor capable of cure. Moreover, Zhang has not sought rescission or forfeiture and acceleration of an executory contract; she has asserted only a superior right of possession against a tenant at sufferance who refused to vacate the property after the lease expired. On that issue, the trial court properly ruled in Zhang's favor.

We overrule Chaudhary's second issue, and we affirm the trial court's judgment.


/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.