

# NUMBER 13-25-00103-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DOUGLAS L. BARR,                                                              Appellant,

v.

BMCFP XIV, LLC,                                                               Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West**

Before the Court is appellee BMCFP XIV, LLC's "Amended Motion to Reverse Judgment and Remand Case for New Trial." Appellant Douglas L. Barr has filed a response to appellee's motion requesting the Court to grant appellee's motion and the relief sought therein.

The trial court entered a "Judgment in Eviction" in favor of appellee, the landlord. Appellant, the tenant, subsequently appealed. In the motion before us, appellee asserts the trial court record is insufficient to determine if this Court has appellate jurisdiction because no evidence was admitted as to whether the lease at issue had a residential or commercial purpose. *See* TEX. PROP. CODE ANN. § 24.007 ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only."); *Falcon v. Ensignia*, 976 S.W.2d 336, 339 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (treating former § 24.007 as a jurisdictional statute). Because the Court's jurisdiction cannot be discerned from the record, appellee asserts that the judgment of the trial court should be reversed and remanded for a new trial wherein the parties may present jurisdictional evidence in accordance with the Texas Property Code. Appellant agrees.

Texas Rule of Appellate Procedure 42.1 governs the voluntary dismissal of an appeal in a civil case. *See* TEX. R. APP. P. 42.1. In relevant part, this rule provides:

(a) *On Motion or By Agreement*. The appellate court may dispose of an appeal as follows:

(1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled.

(2) By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:

(A) render judgment effectuating the parties' agreement;

(B) set aside the trial court's judgment without regard to the

2

> merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or
>
> (C)     abate the appeal and permit proceedings in the trial court to effectuate the agreement.

*Id.* Here, appellant has not filed a motion to dismiss the appeal or affirm the trial court's judgment, and the parties' requested relief does not otherwise fall within the options provided by the rule. *See id.*; *see, e.g.*, *In re Matter of Marriage of McQueen*, 597 S.W.3d 53, 54 (Tex. App.—Houston [14th Dist.] 2020, no pet.). In short, this rule does not allow an appellate court to reverse the trial court's judgment and remand the case by agreement. *See id.*; *see also In re Estate of Steward*, No. 13-23-00162-CV, 2023 WL 5486230, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op.). Therefore, we construe appellee's motion and appellants' response thereto as an agreement signed by the parties, and we grant the agreed motion as stated herein. We set aside the trial court's judgment without regard to the merits, and we remand the case to the trial court for any further proceedings deemed necessary and rendition of judgment in accordance with the agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B); *see also In re Estate of Steward*, 2023 WL 5486230, at *1. Because the parties do not have an agreement regarding costs, costs will be taxed against appellant. *See* TEX. R. APP. P. 42.1(d).

JON WEST
Justice

Delivered and filed on the
24th day of July, 2025.

3