

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00059-CV

**RAYMOND KERLEY,**

**Appellant**

 **v.**

**KENNETH M. BRANSCOME
AND DARLENE J. BRANSCOME, TRUSTEES
OF KENNETH M. BRANSCOME AND
DARLENE J. BRANSCOME TRUST,**

**Appellees**

From the County Court at Law No. 1
Ellis County, Texas
Trial Court No. 22-C-3911

## MEMORANDUM  OPINION

In this forcible-detainer action, appellant, Raymond Kerley, complains about the

trial court's judgment determining that appellees, Kenneth M. Branscome and Darlene J.

Branscome, trustees of the Kenneth M. Branscome and Darlene J. Branscome Trust, are

entitled to possession of the property in question.  Specifically, Kerley contends that:  (1)

the trial court erred in granting appellees possession of the property because he was not

a tenant subject to eviction; (2) the trial court lacked jurisdiction because title to the property is intertwined with possession; (3) Chapter 5 of the Texas Property Code entitled him to notice of default and right to cure before forfeiture of his rights; and (4) the trial court's prior dismissal of Kerley's claim to title of the property acted as a cloud in the adjudication of this forcible-detainer action. We affirm.[1]

## Background

This dispute centers on a 1.886-acre tract of land located at 1902 North Walnut Grove in Midlothian, Texas. Appellees acquired title to the premises by virtue of a warranty deed executed by Larry McKennon Jr. ("Junior"), the prior owner of the premises, on April 13, 2022. Darlene testified at trial that Kerley lives on the property without the consent of either her or Kenneth. Kerley has moved items such as a recreational vehicle, other vehicles and motorcycles, a city bus, a big safe, pieces of scrap, and other personal property onto the property without permission. Darlene further noted that when she and Kenneth purchased the property, Junior did not provide any agreement that he had with Kerley or indicate that Kerley had an ownership interest in the property. And although Kenneth and Darlene were aware that Kerley was living on the property, they expected "to have to either work out some kind of written lease agreement or evict him."

---

[1] In light of our disposition, all pending motions are dismissed as moot.

According to Darlene, not long after she and Kenneth purchased the property, Kerley sued them in County Court at Law Number 1 claiming title to the property. Kerley's lawsuit was dismissed under Texas Rule of Civil Procedure 91a, a mechanism for dismissing baseless causes of action.[2] *See* TEX. R. CIV. P. 91a.

Thereafter, Kenneth and Darlene filed an original petition for forcible detainer with the Justice of the Peace, Precinct 4, of Ellis County to evict Kerley from the property. In their petition, Kenneth and Darlene noted that Kerley had been provided a ten-day notice to vacate, but Kerley refused to do so. By virtue of their lawsuit, Kenneth and Darlene sought a writ of possession, as well as recovery of their court costs and attorney's fees. After a hearing, the Justice of the Peace Court concluded that Kenneth and Darlene were entitled to possession of the property and awarded them $1,500 in attorney's fees and $144 in court costs.

Kerley appealed the decision of the Justice of the Peace Court to the County Court at Law No. 1. Acting pro se, Kerley did not file any pleadings or assert any defenses. The trial court conducted a hearing on Kerley's appeal. At the hearing, Kerley testified on his own behalf and explained that he entered into an agreement to purchase the property from Larry McKennon Sr. ("Senior"), a prior owner of the property. Because his bank

---

[2] It is undisputed that Kerley never had a written contract to purchase the property as required by the Texas Property Code. *See* TEX. PROP. CODE ANN. § 5.072. Nothing in the record indicates that there was a challenge to the County Court at Law's jurisdiction to determine title to real property. *See* TEX. GOV'T CODE ANN. §§ 25.003(a), 26.043(8); *Thielemann v. Kethan*, 371 S.W.3d 286, 292 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Generally, the statutory county courts' concurrent jurisdiction with district courts is based on the jurisdiction of constitutional county courts, which is limited by section 26.043.").

would not finance the purchase of the property, Kerley entered into an owner-finance agreement with Senior, whereby Kerley would pay Senior $100 per month until the $26,000 purchase price was paid. Kerley also alleged that Senior promised delivery of a deed in Kerley's name for the premises.[3] However, in 2018, Senior passed away without having conveyed the premises to Kerley. Junior inherited the property and conveyed it to appellees by general warranty deed.

Counsel for appellees objected to the portion of Kerley's narrative "regarding his claim to title as res judicata. It's an issue that's already been heard by this court and decided." The trial court overruled counsel's objection, but noted that "the only issue before me is not who owns the property, but the only issue is who's entitled to possession of the property." Subsequently, the trial court signed a final judgment concluding that appellees are entitled to possession of the property and ordered that a writ of possession be issued in favor of appellees. The trial court later signed an amended final judgment that mirrored the prior judgment and set a $5,000 supersedeas bond. This appeal followed.

---

[3] The record does not contain a deed for the property in Kerley's name or a written memorialization of the agreement Kerley stated he had with Senior. Furthermore, Kerley admitted that he does not have a lease agreement with appellees to occupy the property and that he does not feel he should pay appellees anything because "I don't feel like they got any rights to the property."

**Issue One**

In his first issue, Kerley argues that appellees failed to establish that he was a tenant subject to eviction; therefore, the trial court erred by granting appellees possession of the property. We disagree.

FORCIBLE-DETAINER SUITS

When there is no unlawful entry, a forcible-detainer suit is the proper procedure to determine possession of real property. *See* TEX. PROP. CODE ANN. § 24.002; *see also Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied). The sole issue in a forcible-detainer suit is who has the right to immediate possession of the premises. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (citations omitted).

A plaintiff in a forcible-detainer suit must show (1) he is the owner of the property; (2) the defendant is a tenant at sufferance or at will; (3) the plaintiff made a written demand for possession; (4) the plaintiff gave notice to the defendant to vacate the premises; and (5) the defendant refused to vacate the premises. *See* TEX. PROP. CODE ANN. §§ 24.002(b), 24.005(f); *see also Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). The plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice*, 51 S.W.3d at 709 (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)).

WHETHER KERLEY WAS SUBJECT TO EVICTION

In this issue, Kerley challenges the second element of appellees' forcible-detainer suit—whether he is a tenant at sufferance or at will. With regard to the second element, we note that:

> A tenancy at sufferance is a lesser possessory estate. A tenant at sufferance is merely an occupant in naked possession of property. A tenant at sufferance is one who wrongfully continues in possession of property after his right to possession has ceased and does not assert a claim to superior title. A tenant at sufferance is not in privity with the owner and possesses no interest capable of assignment.

*ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (citations omitted); *see Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 915 (Tex. 2013) ("The defining characteristic of a tenancy at sufferance is the lack of the landlord's consent to the tenant's continued possession of the premises." (citation omitted)).

Kerley's title claim to the property is based on an alleged verbal agreement with a deceased prior owner, and the record does not contain any written memorialization of said agreement. *See* TEX. PROP. CODE ANN. § 5.021; *McCuen v. Huey*, 255 S.W.3d 716, 726 (Tex. App.—Waco 2008, no pet.) ("The statute of conveyances requires that a conveyance of real property be in writing and subscribed and delivered by the conveyor or his agent." (internal citations & quotations omitted)). Without proof of a written agreement, Kerley was an occupant in naked possession of the property. *See Jacob*, 902 S.W.2d at 530. Or, in other words, he was a tenant at sufferance. *See id.; see also Coinmach, Corp.*, 417 S.W.3d at 915. He continued to be a tenant at sufferance once appellees purchased the property, as

shown by the conveyance of the property by Junior to appellees in the April 21, 2022 general warranty deed and by Darlene's testimony that Kerley did not have consent to remain on the property. We therefore reject Kerley's contentions that appellees failed to establish that he was a tenant subject to eviction and that the trial court erred by granting appellees possession of the property. Accordingly, we overrule Kerley's first issue.

**Issue Two**

In his second issue, Kerley asserts that the Ellis County Court at Law No. 1 lacked jurisdiction over appellees' forcible-detainer suit to decide possession because title was intertwined with possession of the property.

STANDARD OF REVIEW

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citations omitted)).

JURISDICTION IN FORCIBLE DETAINER ACTIONS

Justice of the peace courts and, on appeal by trial de novo, county courts have jurisdiction over forcible-entry-and-detainer and forcible-detainer suits. *See* TEX. PROP. CODE ANN. § 24.004; *see also Rice*, 51 S.W.3d at 708; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). "The only issue in an action for forcible detainer is the right to actual and immediate possession; the merits of

title are not adjudicated." *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citations omitted). As stated earlier, to prevail in a forcible-detainer proceeding, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice*, 51 S.W.3d at 709; *see also Goggins*, 849 S.W.2d at 377. Justice courts do not have jurisdiction to determine or adjudicate title to land, and neither does a county court exercising appellate jurisdiction in a forcible-detainer action. *See Salaymeh, LLC*, 264 S.W.3d at 435; *see also Rice*, 51 S.W.3d at 708-09. However, justice courts may adjudicate possession when issues related to the title of real property are tangentially or collaterally related to possession. *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.). If the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice courts and, on appeal, the county courts lack jurisdiction over the matter. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557-58 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g); *Falcon*, 976 S.W.2d at 338; *Mitchell*, 911 S.W.2d at 171.

Kerley did not file any pleadings asserting claims or defenses, and although Kerley testified at the hearing on appellees' forcible-detainer petition and attempted to litigate title, the trial court noted that the only issue before it was possession of the property. Therefore, based on the record before us, we cannot say that title was intertwined with

possession of the property such that the Ellis County Court at Law No. 1 lacked jurisdiction over appellees' forcible-detainer suit. *See* TEX. PROP. CODE ANN. § 24.004; *Breton*, 447 S.W.3d at 564; *Rice*, 51 S.W.3d at 708; *Falcon*, 976 S.W.2d at 338; *see also Salaymeh*, 264 S.W.3d at 435 ("Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right of immediate possession." (citations omitted)). We overrule Kerley's second issue.

## Issue Three

In his third issue, Kerley contends that Chapter 5 of the Texas Property Code entitled him to notice of default and an opportunity to cure before forfeiture of his rights.

APPLICABLE LAW

Chapter 5, Subchapter D, of the Texas Property Code applies to executory contracts for the conveyance of real property, including contracts for deeds. *See* TEX. PROP. CODE ANN. §§ 5.061-5.087; *see also Lamas v. Gonzalez*, No. 08-21-00095-CV, 2022 Tex. App. LEXIS 6554, at *15 (Tex. App.—El Paso Aug. 30, 2022, no pet.) (mem. op.). When Chapter 5 of the Texas Property Code applies, the section restricts a seller's remedies for breaches and imposes specific obligations on the seller. *See, e.g.,* TEX. PROP. CODE ANN. § 5.063 (contents of required notices); § 5.064 (requiring notice and opportunity to cure as predicates for rescission, forfeiture, and acceleration remedies); § 5.065 (right to cure); §

5.069 (seller's disclosure requirements); § 5.076 (recording requirement imposed on seller); § 5.077 (annual accounting required of seller).

DISCUSSION

In the instant case, Kerley never produced a contract for deed or any other written agreement pertaining to the property in question. Rather, Kerley testified that he had an oral agreement with Senior to purchase the property. Section 5.072 of the Texas Property Code prohibits oral agreements. *See id.* § 5.072. Specifically, section 5.072 provides, in relevant part, that:

(a) An executory contract is not enforceable unless the contract is in writing and signed by the party to be bound or by that party's authorized representative.

(b) The rights and obligations of the parties to a contract are determined solely from the written contract, and any prior oral agreements between the parties are superseded by and merged into the contract.

(c) An executory contract may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the contract.

*Id.* § 5.072(a)-(c).

Therefore, because Kerley did not produce a written executory contract and instead relied solely on an oral agreement he purportedly had with Senior, we cannot say that he was entitled to notice of default and an opportunity to cure under Chapter 5 of the Texas Property Code. Accordingly, we overrule Kerley's third issue.

In his fourth issue, Kerley complains that the trial court's order dismissing his claim of title to the property in question under Rule 91a acted as a cloud on the trial court's adjudication of his rights in this forcible-detainer action.

At the outset of our analysis of this issue, we note that Kerley does not cite to any relevant authority in support of his complaint. *See* TEX. R. APP. P. 38.1(i). In any event, Kerley's complaint in this issue appears to be an attempt to litigate an issue that should have been, but was not, brought in an appeal from the trial court's dismissal of his claims under Rule 91a. Furthermore, in making this argument, Kerley relies on a number of documents that were attached to his brief and not included in the record before us.[4] "[W]e may not consider matters outside the appellate record, and attachment of documents as appendices to an appellate brief does not constitute formal inclusion in the record." *Page v. State Farm Lloyds*, No. 10-12-00317-CV, 2013 Tex. App. LEXIS 14779, at **4-5 (Tex. App.—Waco Dec. 5, 2013, no pet.) (mem. op.) (citations omitted); *see, e.g.*, *Ursin v. Brand Energy Sols., Inc.*, No. 01-22-00651-CV, 2023 Tex. App. LEXIS 4050, at *8 n.4 (Tex. App.—Houston [1st Dist.] June 13, 2023, no pet.) (mem. op.) ("'An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the

---

[4] We recognize that the Texas Rules of Appellate Procedure were recently amended to include Rule 34.5a, which allows for a party to file an appendix in lieu of a Clerk's Record in a civil case. *See* TEX. R. APP. P. 34.5a. Not only was this appeal on file with this Court prior to the amended rule, but also, even if the rule applied, Kerley did not file a notice of election with the trial court and the court of appeals within ten days of filing a notice of appeal indicating that he would file an appendix that replaces the Clerk's Record for the appeal. *See id.* at R. 34.5a(a).

record.'" (quoting *Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 Tex. App. LEXIS 880, at *3 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.))). Accordingly, we conclude that Kerley's complaint in this issue lacks merit. As such, we overrule Kerley's fourth issue.

## Conclusion

Having overruled all of Kerley's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
(Chief Justice Gray concurs)
Affirmed
Opinion delivered and filed February 1, 2024
[CV06]

